JOHN D. HURD, Respondent, v. ISAAC MOORE, Appellant.

*Appeal from Benton County.*

1. The use of the words "conversations," "discourses," "publish" and "declare," in the complaint, is a sufficient averment, implying that the words were spoken in the presence of others.
2. In actions for slander, the words used are to be construed in that sense in which they are generally understood.
3. What is sufficient to charge an offense?

THE complaint charges that the defendant, Moore, "maliciously intending to injure the plaintiff, did, in certain conversations or discourses, utter, publish and declare, of and concerning the plaintiff, these false, scandalous and defamatory words, to wit: 'Hurd' (the plaintiff meaning) 'burned my house,' referring to a certain dwelling house of the defendant which had previously caught fire and burned; 'he' (the plaintiff meaning) 'set my house on fire;' 'Hurd is a d—d rascal;' 'the,' &c., using other opprobrious epithets, 'that burned my house,' meaning by said charges that the plaintiff had been and was guilty of the crime of arson."

It is insisted by the counsel for the appellant, that the complaint is defective and wholly insufficient, because:

1st. It does not show that the words were spoken in the presence or hearing of any person or persons; and

2d. The words charged to have been spoken by defendant, do not impute to plaintiff a crime or indictable offense.

*Williams & Kelsay*, for appellant.

*A. J. Thayer*, for respondent.

SHATTUCK, J. As to the first point, it is unquestionably the rule, in actions for verbal slander, that the complaint must show that the words were spoken of and concerning the plaintiff, in the presence or hearing of some person or persons; but, in this case, we think that the terms employed by the pleader, " conversations," " discourses," " publish," imply the presence of hearers, and sufficiently indicate that the declarations were public and notorious. This point is not, then, well made.

As to the second point, it was contended in the argument that the averment " referring to a certain dwelling house " that had " caught fire and burned," taken with the words charged to have been spoken, show that no arson was or could have been charged, and consequently the words spoken are not actionable; and also that the words used, taken with the averment, are capable of an innocent construction, and.therefore a slanderous meaning should not be attached to them.

It is conceded that the inuendo cannot extend or enlarge the meaning of the words charged to have been published; but we are of the opinion that the words charged in the complaint, taken with the averment, do, of themselves, convey a clear and direct imputation of a slanderous character.

Formerly, the rule prevailed, in actions of this kind, that words are to be innocently construed if possible; but the rule is now held to be, that words are to be taken in that sense in which they are generally understood; and when that puts upon them a guilty sense, it is incumbent on the defendant to show that they were innocently used. (*Pike* v. *Van Wormer*, 6 *Howard Pr. R.*, 101; *Goodrich* v. *Walcott*, 3 *Cow.*, 239.)

The defendant, by failing to answer, admits all the allegations of the complaint to be true. Now the words charged are not ambiguous; there is no uncertainty in regard to the subject matter to which they relate, or the person to whom

they were intended to apply.  The defendant, after applying vile and opprobrious epithets to the plaintiff, indicative of bitterness and great animosity, without qualification, declared that the plaintiff was the one that "set it on fire;" "that he had burned it."  It is difficult to see how other than a guilty sense could be put upon these words so used.  It is only a fair and reasonable inference, from the whole discourse charged, that the defendant intended to charge the plaintiff with having willfully and maliciously set fire to that house; that he was guilty of arson.  We are, therefore, of the opinion that enough is charged in this complaint to put the defendant upon his denial, or upon the proof that the words were innocently used.

Judgment is affirmed.