# Agee *v.* The State.

*Indictment for Forgery.*

1. *Forgery; sufficiency of indictment.*—An indictment which charges that the defendant, "with intent to injure or defraud, did falsely

[Agee v. The State.]

make, alter, forge or counterfeit an instrument in writing, in words and figures, substantially, as follows: 'Oct. the 18, 1895. Lamison, Ala. Mr. J. T. Dumas. Dear Sir. Please lete King Jackson trade nine dollars $975 cents, nine dollars 75 cents to bee chird to E. O. Raines on merchindise," meaning thereby to write an order on J. T. Dumas from E. O. Raines, and by said Raines to King Jackson for nine dollars and 75 cents, in trade," is a valid and sufficient indictment for forgery; the paper alleged to have been forged, together with the averment of the intention of the party executing it, constituting a writing, which, if genuine, would be the foundation of a legal liability.

2. *Same; when there is fatal variance between the indictment and the evidence; inadmissibility of the instrument alleged to be forged.*—Where in an indictment for forgery, the instrument alleged to have been forged is set out *in haec verba*, and as thus set out is an order in favor of "King Jackson" for goods, directing the bill therefor to be charged to a designated person "on merchindise;" an instrument offered in evidence, which is an order for goods in favor of "Kinge Jackison," and directs the bill to be charged to the same designated person "on mchin-Dise," is not the paper laid in the indictment; and such instrument is inadmissible in evidence, the variance between the two papers being fatal.

3. *Same; charge ignoring the existence of an intent to defraud erroneous.*—On a trial under an indictment for forgery, a charge which instructs the jury that if they believe from the evidence beyond all reasonable doubt "that the defendant wrote the order in evidence in this case, or procured some other person to write the same for him, * * * within three years before the finding of the indictment, then they must convict him," is erroneous in that it withdraws from the jury all consideration of an intent to defraud, which is an essential ingredient of the offense of forgery.

4. *Proof of venue; charge thereon.*—Where there is evidence in a criminal case, from which the jury could have determined the venue of the offense, a charge requested, which proceeds upon the theory that there was no evidence showing the venue of the offense, is properly refused.

5. *Confessions; when admissible.*—Upon a witness testifying in a criminal case that he "never made promises or threats or offered him [the defendant] any inducements of any sort to confess," there is a sufficient predicate laid for the introduction in evidence of the confessions that may have been made to such witness by the defendant, and his testimony as to what was said in such confessions is admissible.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. R. GAILLARD, Special Judge.

The appellant was tried and convicted under the following indictment: "The grand jury of said county

charge that before the finding of this indictment, Reuben Agee, with the intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing, in words and figures, substantially, as follows: 'Oct the 18, 1895. Lamison, Ala. Mr. J. T. Dumas. Dear Sir. Please lete King Jackson trade nine dollars $975 cents nine dollars 75 cents to bee chird to E. O. Raines on merchindise,' meaning thereby to write an order on J. T. Dumas from E. O Raines, and by said Raines, to King Jackson for nine dollars and 75 cents, in trade,' against the peace and dignity of the State of Alabama."

The defendant demurred to the indictment upon the following grounds among others: "1st. Because the indictment charges no offense known to the law. 2d. Because the instrument alleged to have been forged shows on its face, as copied in the indictment, the creation of no pecuniary liability. 3d. Because the instrument alleged to have been made, altered, forged or counterfeited, as copied in the indictment, fails to show that any monied liability could have been created, discharged, increased or diminished, thereby." This demurrer was overruled, and the defendant duly excepted.

On the trial, as shown by the bill of exceptions, the State introduced E. O. Raines as a witness, who testified that he had never executed the order alleged to have been forged by the defendant; that after the defendant was arrested and in jail on the charge of forgery, he asked the witness one day, when at the jail, to bond him out, to which the witness replied that he could not do so, as he was afraid the defendant would forge another order on him; that to this remark the defendant replied, "no, that he would not do so any more." The witness further testified as follows: "I then asked him what made him forge that order on me anyway. He replied, he did not know unless it was because the devil got into him. This was all that was said by either of us. I never made him any promises, or threats, or offered him any inducements of any sort to confess." On cross-examination said Raines was asked if he had ever offered any inducements of any sorts to defendant to confess, to which he replied that he could not swear positively to that, but that it was his best recollection that he had not done so. The defendant then moved to exclude said

[Agee v. The State.]

conversation at the jail, as testified to by said Raines, on the ground that it was not shown to be voluntary. The court overruled said motion, and allowed said confession to go to the jury; and the defendant then and there duly excepted to the said ruling of the court.

The State then offered in evidence the order which was identified as the order alleged to have been forged, which was as follows: "Oct the 18 1895. Lamison ala. Mr. J. T. Dumas Dear Sir Please lete kinge Jackison trade nine Dollars $975 cents nine Dollars 75 Cents to bee Chird to E. O. Raine on mchinDise." To the introduction of this order in evidence, the defendant duly excepted, on the grounds, (1) that it was not a copy of the instrument alleged in the indictment to have been forged; (2), because the indictment charges the defendant with forging an order on J. T. Dumas, requesting him to let "King Jackson" have $9.75, and the instrument offered in evidence is to let "kinge Jackison have $9.75; and, (3), because there was material variance between the instrument offered in evidence, and the instrument attempted to be set out in the indictment. The court overruled this objection, allowed the instrument offered to be introduced in evidence, and to this ruling the defendant duly excepted. There was other evidence tending to show that the defendant was guilty of forging the instrument introduced in evidence.

The testimony of the defendant was in conflict with that of the State, and tended to show that he did not execute the instrument, and knew nothing of its having been forged. It is unnecessary to set out in further detail the other rulings of the court to which exceptions were reserved; the facts stated being sufficient to show the rulings of the trial court reviewed on this appeal.

MILLER & BONNER, for appellant.—1. The court erred in allowing the instrument alleged to have been forged to be introduced in evidence. There was a variance between the instrument as set out in the indictment and the one offered in evidence.—Jacobs v. State, 61 Ala. 448; Underwood v. State, 72 Ala. 220; Porter v. State, 15 Ind. 433; State v. Fay, 65 Mo. 490.

2. The confessions testified to by the witness Raines were not shown to have been voluntary, and should not have been admitted.—Murphy v. State, 63 Ala. 1; Banks

*v. State*, 84 Ala. 430 ; *Brister v. State*, 26 Ala. 107 ; *Sampson v. State*, 54 Ala. 241 ; *Owen v. State*, 78 Ala. 425.

3. The charge given by the court ignores an essential element of the offense of forgery, in that it does not refer to an intent to defraud, and for this reason should not have been given.—*Goodwin v. State*, 55 Ala. 178 ; *Corbett v. State*, 31 Ala. 329 ; *White v. State*, 72 Ala. 200 ; *Woodbury v. State*, 69 Ala. 243 ; 3 Greenleaf on Evidence, § 104 ; *Com. v. Parmenter*, 5 Pickens, 279.

WILLIAM C. FITTS, Attorney-General, for the State.— 1. The demurrers were properly overruled and the instrument charged to have been forged was properly admitted in evidence.—*Gardner v. State*, 96 Ala. 14 ; *Baysinger v. State*, 77 Ala. 63 ; *Allen v. State*, 74 Ala. 559.

2. The variances alleged, if any, were immaterial.— *Gardner v. State*, 96 Ala. 14 ; *Baysinger v. State*, 77 Ala. 63 ; *Allen v. State*, 74 Ala. 559. It has been settled law in this State too long to be now questioned that an indictment for forgery under our statute will be sustained, and a conviction may be properly had, upon proof that the defendant, with fraudulent intent and guilty knowledge uttered the forged instrument.— *Gardner v. State*, 96 Ala. 14, and cases therein cited.

3. The confessions were properly admitted in evidence.—*Amos v. State*, 83 Ala. 1.

McCLELLAN, J.—The indictment was not open to the objection taken by the demurrer. The instrument alleged to have been falsely made was, as set out in the indictment along with the averment of the intention of the party making the paper, and its effect, "a writing which, if genuine, might apparently be of legal evidence or the foundation of a legal liability."—*Rembert v. State*, 53 Ala. 467.

The instrument set out in the indictment is an order on J. T. Dumas in favor of King Jackson for goods. It directs the bill for the goods to be charged to E. O. Raines "on merchindise." The instrument offered in evidence was an order in favor of "Kinge Jackison," and directs the bill to be charged to E. O. Raines "on mchin Dise." There was objection to the paper offered being received in evidence, on the ground that it was not the paper laid in the indictment. The objection was

[Agee v. The State.]

overruled. It should have been sustained. Not to speak of the variance last noted, that between the name of the person in whose favor the order was alleged to have been drawn and the name of such person in the paper offered—the one being "King Jackson" and the other "Kinge Jackison"—as we have seen, was fatal : the names are palpably not the same nor of the same sound. And the question, having relation to the accuracy and sufficiency of the description of the alleged forged instrument in the indictment, and being determinable upon a comparison of the instrument set out in the indictment with the instrument offered in evidence, was for the adjudication of the court on defendant's objection to the admissibility of the paper in evidence.—*State v. Fay*, 65 Mo. 490 ; *Brown v. People*, 66 Ill. 344 ; *Porter v. State*, 15 Ind. 433 ; *McClellan v. State*, 32 Ark. 609 ; *Westbrook v. State*, 23 Tex. App. 401.

Had the indictment followed the writing as to the name of the person in whose favor the order was drawn, and then alleged that King Jackson was thereby intended, the question would have been not unlike that considered in *Baysinger v. State*, 77 Ala. 63 ; but as in fact presented the two cases are wholly unlike, and what is there said as to the question being one for the jury, as also what is said in *Underwood v. State*, 72 Ala. 220, as to *idem sonans*, where the name of the owner of stolen property was mis-spelled, being a question for the jury, can have no pertinency here.

The trial court also erred in giving the following instruction : "If the jury believe, beyond all reasonable doubt from the evidence in the case, that the defendant wrote the order in evidence in this case, or procured some other person to write the same for him, in Wilcox county, and within three years before the finding of the indictment, then they must convict him." This charge withdrew from the jury all consideration of one of the ingredients of the offense alleged, the intent to defraud, which was a matter of inference from the facts before them, to be drawn or rejected by them, as those facts might seem to them to require.—*Gooden v. State*, 55 Ala. 178.

There was evidence before the jury from which the venue of the offense could have been found ; and the court, therefore, properly refused charges requested by

the defendant which proceeded on the theory that there was no evidence that the offense was committed in Wilcox county.

The court, in our opinion, did not err in its rulings on the testimony of Raines to which exceptions were reserved. All the circumstances attending the conversation between Raines and the defendant go to show that the statements of the latter therein made were wholly voluntary, and Raines, in substance and effect, testifies that he made no threats nor offered any inducements to elicit a confession.

Other questions on the record will not arise hereafter in the case, and need not be now considered.

Reversed and remanded.