# Denson *v.* The State.

## *Indictment for Forgery.*

1. *Forgery; sufficiency of indictment.*—While, under our statute, (Cr. Code, §4908), it is unnecessary under an indictment charging forgery to aver the particular person intended to be defrauded by the forged instrument, it is not improper for the indictment to aver the real name of the person whose name is forged to such instrument.

2. *Same; same.*—Where an indictment for forgery avers the drawing of a check purporting to be signed by a company, it is not necessary for the indictment to allege whether or not such company was a partnership or a corporation.

3. *Constituents of offense.*—To constitutute forgery, it is not essential that the person receiving the forged instrument was actually defrauded thereby; but the offense is complete if the accused intends to defraud by forging or uttering as genuine a spurious instrument which has the capacity to defraud.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant, George Benson, was indicted, tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, George Benson, with intent to injure or defraud, did falsely make, alter or forge an instrument in writing in words and figures substantially as follows: 'The Farley National Bank of Montgomery, Ala. June 30, 1898. Pay to the order of cash $5.75 five and 75-100 dollars. Griell Bros. Co.' And the grand jury aver that by the words Griell Bros. Co. the said George Benson meant and intended Greil Brothers Company, against the peace and dignity of the State of Alabama."

The defendant moved the court to strike the last clause of the indictment reading "And the grand jury aver that by the words Greill Bros. Co. the said George Benson meant and intended Greil Brothers Company," on the ground that said allegation was immaterial and frivol-

[Denson v. The State.]

cus and that no material issue in law or in fact could be taken thereon. This motion was overruled.

On the trial of the case, the State introduced the manager of Greil Bros. Co., who testified that Greil Bros. Co. was a corporation doing business in the city of Montgomery; and on being shown the alleged forged instrument, the witness testified that he did not sign the name of "Greil Bros. Co." to said instrument or authorize any one to sign it; and that it was not signed by any person connected with said corporation or by any person authorized to sign the same.

It was then shown that the defendant. delivered. the forged instrument in payment of four quart bottles of beer, which one of the witnesses for the State testified defendant had purchased, and that the person to whom the check was delivered gave it to another person to have it collected.

After identifying it as the alleged forged instrument, the State introduced in evidence the following check: "The Farley National Bank of Montgomery, Ala. June 30, 1898. Pay to the order of Cash ————— $5.75-100 five and ————75-100 dollars. Greill Bros. Co." To the introduction of this check in evidence, the defendant objected upon the ground, as stated in the bill of exceptions, that there was a variance between it and "the instrument described in the indictment, in this, that this check is for five and 70-100 dollars and one described in the indictment is for five and 75-100 dollars." The bill of exceptions then recites: "The court, after inspecting the check, held that there was no variance and overruled the objection and allowed the check to be introduced, to which action of the court the defendant then and there duly and legally excepted." The time and venue were proved as laid in the indictment.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of the charges as asked: (1.) "If the jury believe all the evidence in this case, you will find the defendant not guilty." (2.) "The court charges the jury that the drinking of four quarts of beer would be calculated to make the defendant so drunk he could not know what he was doing."

[Denson v. The State.]

Upon the return of a verdict of guilty, the defendant moved the court in arrest of judgment upon the following grounds: 1st. Because the indictment charges no offense known to the law. 2d. Because the indictment does not show whether Greil Bros. Co. is a partnership or a corporation. 3d. Because the indictment does not aver an intent to injure or defraud a partnership, or an intent to injure or defraud a corporation, or any particular person. 4th. Because there was a material variance between the instrument in writing described in the indictment and the one introduced in evidence. The court overruled this motion, and the defendant duly excepted.

J. J. WOODWARD, for appellant.—The last clause of the indictment should have been stricken therefrom.—*Agee v. State*, 113 Ala. 52.

The defendant was not guilty as charged in the indictment. There was no guilty intent shown.—3 Greenleaf on Evidence, (15th ed.) §110; Wharton's Criminal Law (9th ed.), 708; Byles on Bills, 609; *Colvin's Case*, 11 Ind.. 361; *Paulin's Case*, 89 Pa. St. 432; *Rex v. Skukard*, Russ & Ryan 200; *Reg. v. Heywood*, 2 Carrington & K. 352.

CHAS. G. BROWN, Attorney-General, for the State. The ruling of the court in refusing to strike a part of the indictment was free from error. It was proper by innuendo to explain the abbreviations "Greil Bros. Co." *Raysinger v. State*, 77 Ala. 63. If not the averment should be treated as mere surplusage.

It is not necessary that there be any specific intent to defraud any particular person or corporation. The capacity of the false instrument to work fraud or injury is the material question. And it is not essential that the same should be uttered, or that any one be in fact defrauded or injured.—9 Encyc. of Pl. & Pr. §111, p. 550; *State v. Jackson*, 90 Mo. 156; *Jones v. State*, 50 Ala. 163; 9 Encyc. of Pl. & Pr. par. 2, p. 553-4 (notes); *Thompson v. State*, 49 Ala. 16; 2 McClain's Crim. Law, 1; *Ib.* § 764, note 10.

SHARPE, J.—The check described in the indictment, if forged and uttered as genuine, had the possible capacity of defrauding at least three persons, viz., the person whose name was signed as drawer, and the person to whom it was passed and the Farley National Bank upon which it was drawn.

Under our statute (Code, § 4908), it was unnecessary for the indictment to aver the particular person intended to be defrauded, but in order to show the capacity of the instrument to defraud, if for no other reason, it was not improper to aver by innuendo the full and true name of the purported drawer of the check.

It was unnecessary for the indictment to aver whether Greil Bros. Co. was a corporation or a partnership. Forgery is not an offense against property, and therefore does not come within the rule stated in *Emmonds v. State*, 87 Ala. 12, which requires that where in burglary the ownership of property is laid in a name which may import a partnership or a corporation, such partnership or corporate character must be averred.

The indictment was sufficient, and there was no variance between the check described in it and the paper introduced in evidence.

To be guilty of the offense charged the intent to defraud must have been entertained by the defendant in forging or uttering the check, but the intent could have been inferred from the act of passing it as good.—2 Bish. Crim. Law, 598. Whether the person to whom the defendant passed the instrument was actually defrauded is immaterial. If the intent induces the forging or utterance as genuine of a spurious instrument with the capacity to defraud any person, the offense is complete.— *Jones v. State*, 50 Ala. 161.

The affirmative charge asked by the defendant was properly refused. The remaining charge refused to him was abstract since there was no evidence that the defendant alone drank four quarts of beer.

There was no error in overruling defendant's motion in arrest of judgment, and we have failed to discover error in any part of the record. The judgment appealed from will, therefore, be affirmed.

**Affirmed.**