BLAIS *v.* STATE.

Opinion delivered March 28, 1910.

1. FORGERY—INDICTMENT—CLERICAL MISPRISION.—An indictment for forgery is not bad which describes the instrument forged as "a certain writing *or* paper purporting to be a bank check," where it is manifest that the word "on" was intended. (Page 328.)

2. CRIMINAL LAW—TWO COUNTS—PLEA OF GUILTY.—Where an indictment contains two counts, one of which is good, a plea of guilty as to both counts will be sustained as to the good count. (Page 329.)

3. FORGERY—DESIGNATION OF PERSON DEFRAUDED.—In an indictment for forgery it is unnecessary to state whether the association or company intended to be defrauded was a corporation or a partnership. (Page 329.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

Indictments should not be quashed for clerical misprisons. 75 Ark. 574; 66 Ark. 559; 90 Ark. 123. In an indictment for forgery by signing a company's name, it need not be alleged that the company is a partnership or a corporation. 122 Ala. 100; 25 N. Y. 380; 48 Ark. 94; 71 Miss. 874; 17 Nev. 224; 21 Wend. 409; 1 Johns. 320.

McCULLOCH, C. J. Appellant by this appeal questions the sufficiency of the first count of the following indictment:

"The grand jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, Charles Blais, of the crime of forgery, committed as follows, towit: The said defendant, in the county and district aforesaid, on the first day of November, 1909, unlawfully, fraudulently and feloniously did forge and counterfeit a certain writing *or* paper purporting to be a bank check, which said writing on paper, in words and figures following:

" 'No. 129.                    Fort Smith, Ark., Nov. 1, 1909.

" 'Pay to the order of Charles Blais, $16.08, sixteen 08-100 dollars.                    " 'The Katzung Cigar Company,

" 'By L. F. Katzung.

" 'To the Merchants' National Bank, Fort Smith, Arkansas.'

"Which said bank check so unlawfully, fraudulently and feloniously forged and counterfeited by the said Charles Blais, the defendant, with the felonious intent then and there fraudulently and feloniously to obtain possession of money and property of the Katzung Cigar Company, and L. F. Katzung, and the Merchants' National Bank of Fort Smith, Arkansas, against the peace and dignity of the State of Arkansas."

Second count:

"The grand jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, Charles Blais, of the crime of uttering a forged instrument, committed as follows, towit: The said defendant, in the county and district aforesaid, on the first day of November, 1909, unlawfully, fraudulently and feloniously did utter and publish as true to S. Winter, a certain forged and counterfeit writing on paper, purporting to be a bank check, which said writing on paper was in words and figures following, towit:

' ' 'No. 129.                    Fort Smith, Ark., Nov., 1909.

" 'Pay to the order of Charles Blais $16.08, sixteen 08-100 dollars.                    " 'The Katzung Cigar Company,

" 'By L. F. Katzung.

" 'To the Merchants' National Bank, Fort Smith, Arkansas.'

"The said forged and counterfeited writing on paper being then and there passed, uttered and published as true by the said Charles Blais to said S. Winter, with the felonious intent then and there unlawfully, fraudulently and feloniously to obtain possession of the money and property of said Winter, he, and said Charles Blais, the defendant, then and there well knowing said writing on paper to be forged and counterfeited, as aforesaid, against the peace and dignity of the State of Arkansas."

We are not favored with a brief on behalf of appellant, but the Attorney General points out and defends against two alleged defects, viz.: (1) That the alleged forged instrument is described in the alternative, being described as a "writing or paper;" (2) that the Katzung Cigar Company is not alleged to be a natural person, a partnership or a corporation.

Answering the first attack on the indictment, we hold that, when the language of the whole count is considered together,

it is manifest that the use by the pleader of the word "or" was a clerical error, and that the word "on" was intended to be used. The latter word was used in the same connection in other parts of the indictment. The defect, if any, is immaterial, and did not tend to the prejudice of any substantial right of the accused person.

But, even if we treat the disjunctive "or" as having been intended to be used, it does not affect the validity of the indictment, for this does not make the description in the alternative. The word "writing" and "paper," when connected disjunctively, clearly amount to the same thing, a written instrument, in the words and figures following.

Appellant entered a plea of guilty to both counts of the indictment, and it is alleged that the instrument was forged with intent to defraud L. F. Katzung as well as the Katzung Cigar Company; so that, if the charge as to the Katzung Cigar Company fails for want of proper designation as a natural person, a partnership or a corporation, it will be treated as surplusage, and the other charge of an intent to defraud L. F. Katzung is sufficient to sustain the indictment. 2 Bishop, Crim. Proc. 425; *Gates* v. *State,* 71 Miss. 874. Moreover, the authorities seem to sustain the view that in an indictment for forgery, unlike an indictment for larceny or kindred offenses, it is unnecessary to state whether the association or company intended to be defrauded was a corporation or a partnership. *Denson* v. *State,* 122 Ala. 100; *Gates* v. *State, supra; Noakes* v. *People,* 25 N. Y. 380.

Judgment affirmed.