BENNETT v. STATE.

Opinion delivered October 10, 1910.

1. CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT.—Where the accused enters a plea of guilty, his motion in arrest of judgment questions only the sufficiency of the indictment. (Page 104.)

2. FORGERY—ALLEGATION OF TENOR.—An indictment for forgery of a certain writing, which alleges that the writing is of the tenor and effect as follows, towit, etc., and sets out the writing in detail, will be held to set out the writing according to its tenor. (Page 104.)

3. INDICTMENT—EFFECT OF SURPLUSAGE.—An indictment will not be invalidated by the use of superfluous words whose use was a clerical mistake if they do not in any sense obscure the meaning of the instrument. (Page 104.)

4. FORGERY—INDICTMENT—CORPORATE ORGANIZATION.—An indictment for forging a railroad time check with intent to defraud the railroad company and another corporation is not defective in failing to charge that such corporations were domestic corporations. (Page 104.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*D. L. King,* for appellant.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. There is nothing in the contention that the indictment is defective because the instrument alleged to have been forged was not indorsed. It was not necessary to prove that it was endorsed. 91 Ark. 485; 77 Ark. 537.

2. The appearance of the statutory phrase "against the peace and dignity of the State of Arkansas" in the body of the indictment, at a place where it does not belong, does not vitiate the indictment. Indictments will not be quashed for mere clerical misprisions, where substantial rights of defendants are not prejudiced thereby. Kirby's Digest, § 2229; 65 Ark. 559; 75 Ark. 574; 58 Ark. 47; 92 Ark. 413; 93 Ark. 275; 126 S. W. 1053; Joyce on Indictments, § 202.

3. It was not necessary to allege that the corporations named in the indictment were in Arkansas, nor even their corporate existence. 48 Ark. 94; 126 S. W. 1053.

HART, J. Appellant was indicted for forgery. The indictment, omitting the caption, is as follows:

"The grand jury of Lafayette County, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, Henry Bennett (*alias* Bud Bennett), of the crime of forgery, committed as follows, towit: Said defendant, on the 10th day of May, 1910, in Lafayette County, Arkansas, then

and there did unlawfully and feloniously make, forge and counterfeit a certain paper writing, purporting to be a bank check, which said false and forged writing is of the tenor and effect as follows, towit:

"Roll No. 368.        Form 403.        Check No. 2662.
    "St. Louis Southwestern Railway Co.        $7.25.
                    "June, 1910.
                        "St. Louis, Mo., June 30, 1910.
    "Pay to the order of Bud Bennett one 25-100 dollars.
            "Paymaster St. Louis Southwestern Ry. Co.
                    (June 30, 1910).
    "In full payment for services as entered on pay rolls, for first period, June, 1910.
    "To State National Bank of St. Louis, St. Louis, Mo.
                        "*G. K. Warner,*
                        "Memam Treasurer.
                "Pay Check.

"This check will not be honored unless presented for payment within thirty days from date of paymaster's stamp; not valid if drawn for more than three hundred dollars.

"This check is also payable by any station agent of the company, when in funds.

"Against the peace and dignity of the State of Arkansas. And the false and fraudulent making, forging and counterfeiting of the paper writing aforesaid was done with the fraudulent and felonious intent then and there to cheat and defraud said St. Louis Southwestern Railway Company, a corporation, and one Stewart Dry Goods Company, a corporation, to obtain possession of the money and property of the said St. Louis Southwestern Railway Company, a corporation, and said Stewart Dry Goods Company, a corporation, and to cause each of them to be injured in their estate, against the peace and dignity of the State of Arkansas.

                        "O. A. Graves,
                "Prosecuting Attorney, Eighth Circuit."

Appellant entered a plea of guilty, and his punishment was fixed at a period of two years in the State penitentiary.

A motion was filed in arrest of judgment on the ground that the indictment did not sufficiently describe the charge. The

motion in arrest was overruled. Appellant seeks by this appeal to reverse the judgment.

This is not a case where the alteration of a genuine instrument is charged in the indictment, and the question of whether in such a case the indictment should set forth the alterations with proper averments showing the alteration of a material part thereof, does not arise. The indictment in question charges that the whole instrument was forged. Appellant entered a plea of guilty, and his motion in arrest of judgment only questions the sufficiency of the indictment. *State* v. *Bledsoe,* 47 Ark. 233; *McCoy* v. *State,* 46 Ark. 141.

An indictment similar in form was recently held good in the case of *Evans* v. *State,* 94 Ark. 400. The opinion in that case was based upon the reasoning of the court in the case of *Crossland* v. *State,* 77 Ark. 537, and is adverse to the contention of appellant.

Again, it is contended by counsel for appellant that the phrase "against the peace and dignity of the State of Arkansas" following the sentence "this check is also payable by any station agent of the company when in funds" renders the indictment fatally defective. The words in question follow the part of the indictment which sets forth the alleged forged instrument, and do not in any sense obscure its meaning. Their use was a clerical mistake, and does not render the indictment defective. *Blais* v. *State,* 94 Ark. 327; *Evans* v. *State,* 58 Ark. 47; *Hunter* v. *State,* 93 Ark. 275; *Grayson* v. *State,* 92 Ark. 413, and cases cited.

In the case of *Blais* v. *State,* 94 Ark. 327, it was held that in an indictment for forgery it is unnecessary to state whether the association or company intended to be defrauded was a corporation or partnership. This disposes of the objections of appellant that the indictment does not charge that the corporations intended to be defrauded are Arkansas corporations.

The judgment will be affirmed.