STATE v. MASON.

Opinion delivered October 16, 1922.

1. LIBEL AND SLANDER—INDICTMENT—CONSENT OF PERSON SLAN-
DERED.—Under Crawford & Moses' Dig., § 2397, providing that no
indictment for slander shall be found except "at the instance
or by the consent of the person slandered or his legal representa-
tive," it is unnecessary for the indictment to contain an affirma-
tive allegation to the effect that it had been returned by the
consent of the person slandered.

2. LIBEL AND SLANDER—INDICTMENT—CONSENT OF PERSON SLANDERED.
—The fact that an indictment for slander was returned without
the consent of the person slandered may be taken advantage of
by a motion to set aside the indictment, and will be waived in
the absence of such a motion.

3. LIBEL AND SLANDER—INDICTMENT.—In an indictment for slander,
it is not sufficient to charge merely the import or substance of
the words used, although quotation marks are used to set forth
such import.

4. LIBEL AND SLANDER—PUBLICATION.—In an indictment for slander
which charges that the words set forth were published, it is
implied that they were uttered in the presence and hearing of
some other person, and it is unnecessary to designate the persons
before whom they were uttered.

5. LIBEL AND SLANDER—WORDS SLANDEROUS PER SE.—A charge that
"Mrs. Dolly Yates' baby doesn't belong to her husband, Claud
Yates; it is Bunk Yates,' and it looks just like him," constituted
a charge of adultery, and was slanderous per se.

Appeal from Clay Circuit Court, Western District;
R. E. L. Johnson, Judge; affirmed.

J. S. Utley, Attorney General, Elbert Godwin and
Wm. T. Hammock, Assistants, for appellant.

C. T. Bloodworth, for appellee.

McCULLOCH, C. J. The appellee, Mrs. Ollie Mason,
was arraigned under an indictment returned against her
in the following form:

"The grand jury of the Western District of Clay
County, in the name and by the authority of the State of
Arkansas, accuse Mrs. Ollie Mason of the crime of slander
committed as follows, viz: In the district and county
aforesaid, on the 7th day of April, 1921, the said Mrs.

Ollie Mason did unlawfully, knowingly, falsely, and feloniously use, utter, and publish concerning about one Mrs. Dolly Yates language and words of the following import: 'Mrs. Dolly Yates' baby doesn't belong to her husband; Claud Yates; it is Bunk Yates' and it looks just like him. Bunk Yates hurried to get away before the baby was born,' which language and words were false; against the peace and dignity of the State of Arkansas.''

There was a general demurrer to the indictment on the ground that it failed to state facts sufficient to constitute a public offense. The court sustained the demurrer, and the State has appealed.

Counsel for appellee defends the ruling of the court on the ground, in the first place, that the indictment does not contain an allegation to the effect that it had been returned ''at the instance, or by consent, of the person slandered, or his legal representative'' in compliance with the statute. Sec. 2397, C. & M. Digest. The statute referred to provides that no indictment for slander shall be found except, as before recited, ''at the instance, or by consent, of the person slandered, or his legal representative.'' But we are of the opinion that it is unnecessary for an indictment to contain an affirmative allegation to the effect that the indictment had been returned by the consent of the person slandered, or his legal representative. Such, we think, is the necessary result of the opinion of this court in *Conrand* v. *State,* 65 Ark. 559, where it was said that an allegation to the above effect ''was no part of the statements which were made to show the commission of the offense, and it was not necessary to prove it to convict the defendant. Continuing, the court said: ''In pleading not guilty the defendant did not put it in issue. If it was untrue, the defendant could have taken advantage of it by a motion to set aside the indictment, as it affected the authority of the grand jury to find the indictment, and nothing more. Having failed to do so, he waived any advantage he could have taken of it, and it was not necessary for the State to prove that it

was true." Now, if it was unnecessary for the State to prove the allegation, it was likewise unnecessary to allege it, but it is a preliminary question to be taken advantage of, if at all, by a motion to set aside the indictment.

The ruling of the court is next defended on the ground that the indictment does not purport to set forth the alleged slanderous words. We have held that it is essential that the words must be set forth and proved substantially as used by the accused—that it is not sufficient to charge merely the import or substance of the words used. *Morris* v. *State,* 109 Ark. 530. According to the language of the indictment, only the import of the words used are set forth. It is true that these words are included in quotation marks, but this is not sufficient to identify the words as the language used by the accused so as to contravene the positive allegation of the indictment that those words constitute only the import of the words used by the accused. Taking the allegation as a whole, including the punctuation, it means only that the quoted words are those which constitute the import of the words used, and they are not either identically or substantially the words used. This distinction is made clear, we think, by comparison of the case with the decisions of this court in *Teague* v. *State,* 86 Ark. 126, and *Burnett* v. *State,* 96 Ark. 101, and the opinions in those cases support the conclusion we now reach with regard to the effect of the language of the indictment. Our conclusion is therefore that the demurrer was properly sustained on this ground.

Another ground on which counsel seeks to sustain the ruling is that there is no allegation designating the persons in whose presence the alleged slanderous words were uttered. We are of the opinion that such an allegation is unnecessary where it is charged, as in this instance, that the words were published, which necessarily implies that they were uttered in the presence and hearing of some other person. There is some contrariety of

opinion expressed in the authorities on this subject, and some of the older cases hold that it is essential that the name of the person in whose presence and hearing the slanderous words have been uttered be alleged and proved. But there are authorities to the contrary which are in harmony with the liberal practice established by our criminal code, which provides, among other things, that an indictment is sufficient if "the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction, according to the right of the case," and that an indictment is not insufficient "nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits." Secs. 3013 and 3014, C. & M. Digest.

Among the cases which hold to the view that a mere allegation that the slanderous words were "published" is sufficient, are the following: *Hanning v. Brassett,* 12 Bush (Ky.) 361; *Ware v. Cartledge,* 24 Ala. 622; *Perry v. Dozier,* 161 Ala. 292; *Downs v. Hawley,* 112 Mass. 237; *Hurd v. Moore,* 2 Ore. 85. These were all civil cases, but no greater certainty is required in this respect in a criminal prosecution. The Massachusetts court, in the case cited above, said: "The first count alleges the publication generally in the usual form, and sets out the words spoken. It would have been sufficient if it had stopped there. An averment is added that, by the words so publicly uttered 'in the presence and hearing of divers good citizens of this commonwealth,' the defendant intended to accuse the plaintiff of the crime charged. The wrong committed was sufficiently charged without this last clause, in the form provided by the Practice Act of 1852, and used since then." The Kentucky court, in the case cited above, quotes with approval from a statement from Chitty to the effect that there must be an allegation as to the publication of the slander, but that "any words that denote a publication are sufficient."

Finally, it is alleged that the words of the indictment, even if held to constitute the identical words used, are not slanderous *per se* and do not constitute a charge of adultery without pleading the innuendo to the effect that such was the meaning of the words. We think that, giving the words their usual meaning, if the words had been charged as the identical ones used, they constitute a charge of adultery and are slanderous *per se*.

The court was correct, however, in sustaining the demurrer on the ground set forth above, that it failed to charge the slanderous words used, so the judgment is affirmed.

HART and SMITH, JJ., dissent on ground that the identical words are properly charged.