"(2) He did use an artificial light in hunting or killing deer.

"(3) He did hunt on the lands of J. B. Slade without first having obtained from the owner or agent thereof a written permission to do so."

On the trial in the circuit court, demurrer was filed to the complaint on the grounds of duplicity. This demurrer was overruled, and on the trial there were two verdicts rendered, in accordance with the charge of the court, convicting defendant of hunting with an artificial light and hunting on the lands of another without first having obtained permission. In each verdict a separate fine was assessed. Although there appears no punctuation or conjunction indicating alternative averments, there is but one count in which there are two separate charges, to wit, a violation of section 11 of the Game and Fish Laws (Gen. Acts 1923, p. 776) prohibiting hunting with artificial light, and a violation of section 20 of the same laws prohibiting hunting on lands of another. These two separate offenses are embraced in the same count of the complaint. They are not separate counts and cannot be acted upon as such to sustain.

In order for the two charges above set out to be charged in separate counts so as to justify a trial on each, they must have been in separate paragraphs having a separate commencement, and, the commencement being omitted, they are as separate counts bad. Pynes v. State, 207 Ala. 395, 92 So. 663.

The above offenses do not even appear to have been charged in separate counts, but the three were embraced in one count in the affidavit, which as to this point is governed by the same rule as that applicable to indictments. Lewis v. State, 4 Ala. App. 141, 58 So. 802.

Under section 4546 of the Code of 1923, if the two offenses are of the same character and subject to the same penalties, the defendant might have been charged with the commission of either in the same count in the alternative, but if the offenses charged are not of the same character or do not carry the same penalty they may not be so joined. Mitchell v. State, 2 Ala. App. 147, 56 So. 56.

In the instant case, there are three separate offenses charged in the same count in the original affidavit: (1) Night hunting, with a penalty of a fine of not less than $25, nor more than $50; (2) using an artificial light in hunting or killing deer, with a penalty of a fine of not less than $25 nor more than $100; and (3) hunting on the lands of another without written permission, with a penalty of a fine of not less than $10 nor more than $25. Nos. 1 and 2 are police regulations pure and simple, for the protection of wild game, and No. 3 presupposes a trespass on the lands of another, and the offense is of a different character. All three of the offenses charged carry different penalties. The solicitor by the complaint filed eliminated the charge of night hunting as he had a right to do under section 3835 of the Code of 1923, but his complaint still carried two separate and distinct offenses which may not be joined in the same count.

The demurrer should have been sustained. As the above requires a reversal of the cause, it is proper to point out that on another trial the state may strike out either of the charges and proceed on the one remaining. Nelson v. State, 15 Ala. App. 102, 72 So. 510.

There is no merit in the plea of former jeopardy. True, there can be only one conviction, but the trial is de novo and the state may strike out either one or the other of the charges and proceed on the other.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

162 So. 318

## LOUISVILLE & N. R. CO. v. CARDWELL.

### 6 Div. 684.

Court of Appeals of Alabama.
March 26, 1935.

Rehearing Denied April 30, 1935.

Chas. H. Eyster, of Decatur, and White E. Gibson, of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

RICE, Judge.

But a single question is presented for our consideration, Was it or not reversible error for the court to refuse to give to the jury at appellant's request the following written charge, to wit: "I charge you, gentlemen of the jury, if you believe the evidence in this case, you cannot return a verdict for the plaintiff" (appellee here).

It will suffice for us to merely state that the bill of exceptions shows that the "wire," which appellee (plaintiff) claimed caused his injuries, was introduced in evidence on the trial, and that the same is not sent up here. Neither do we find the piece of wire fully described in the testimony. Without this bit of evidence, we do not see how we could intelligently answer the question put to us. Code 1923, § 6438.

And perhaps we ought to add that our opinion is not changed by the recent decision of the Supreme Court in the case of Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896, wherein the legal principles which seem to control here were rather exhaustively considered.

The judgment is affirmed.

Affirmed.