301 So.2d 260

**Rubin Jan JONES**

v.

**STATE.**

**4 Div. 292.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Randy C. Brackin, Dothan, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The Grand Jury of Houston County, Alabama, charged the appellant with the forgery of a check drawn on the First National Bank in Dothan, Alabama, payable to Adams Discount Store for $14.66, dated July 23, 1973, and signed by "Starlett C. Neal." The Jury found the appellant guilty as charged, and the trial court entered judgment, setting sentence at five years imprisonment in the penitentiary.

Floy Prevatt testified that she was employed at Adams Trading Center in Houston County, Alabama, on July 23, 1973. Mrs. Prevatt testified that a man and a woman made a purchase on that date, wrote out a check, and handed it to her in payment for the purchase. She identified the appellant as the party who wrote out the check.

Mrs. Lucinda Adams testified that she was employed at the Adams Trading Center in Houston County, Alabama, on July 23, 1973, and that just about closing time, 7:00 p. m., two customers came up to the cash register, a young man and a young woman, and gave a check in payment for their purchase. She stated that upon taking the check, she looked at it and made the comment, "Well, this is an unusual and a pretty name, Starlette. Which one of you is named Starlette?" The appellant hesitated just a second and stated, "I am." Mrs. Adams identified the appellant as being the party who handed her the check for $14.66, drawn on the First National Bank of Dothan, Alabama, in payment for their purchase. This check bears the signature, "Starlett C. Neal."

The State presented the testimony of Miss Starlett C. Neal, who testified that she had a checking account with the First National Bank in Dothan, Alabama, on

July 23, 1973, and that she did not sign the check in question, nor was the signature on the check in question hers. She stated that she had left her pocketbook a few days before in her car, and that someone had gone in it and taken a checkbook from her purse.

Carrie Lee Neal testified that she was the mother of Starlett C. Neal and lived in Dothan, Alabama. She stated that her daughter had a checking account with the First National Bank of Dothan and upon examination of the check in question, she stated that this was not her daughter's signature on the check.

## I

The appellant presented no evidence at trial, but did request the affirmative charge and the affirmative charge with hypothesis in writing, which were refused by the Court.

In Ex parte State, 213 Ala. 1, 104 So. 40, we find:

"A consideration of the cases will disclose as elements of forgery (1) that there must be a false making—and this may be accomplished by 'the fraudulent application of a false signature to a true instrument, or a real signature to a false' instrument; (2) that the essence of forgery is an intent to injure or defraud when the act complained of is done (Agee v. State, 113 Ala. 52, 21 So. 207; Denson v. State, 122 Ala. 100, 26 So. 119), and it is not necessary that any actual injury should result from the offense (Denson v. State, supra); and (3) it is of 'no consequence whether the counterfeited instrument be such as if real would be effectual to the purpose it intends so long as there is a sufficient resemblance to impose on those to whom it is uttered.' Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am.St.Rep. 37, L.R.A. 1918B, p. 1192, note; 7 Ency.Dig. Ala.Rep. 477."

In Hamilton v. State, 35 Ala.App. 570, 50 So.2d 449, we find:

"Forgery in the first degree is defined in Section 199, supra [Title 14, Section 199, Code of Alabama 1940]. It pertains to the altering, forging, or counterfeiting of any bill, note, draft, check, certificate or other evidence of debt issued by banks, either state or national. . . ."

We have carefully examined the evidence in this cause and find that the evidence clearly supports the indictment in question. The trial court properly refused the request for the affirmative charge and the affirmative charge with hypothesis.

We have reviewed this record, as required by law, and find no error therein. The judgment is due to be, and the same is hereby

Affirmed.

ALMON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., not sitting.