318 So.2d 374

**Earl K. SIMMONS**

**v.**

**STATE.**

**8 Div. 634.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

No appearance for the State.

William J. Baxley, Atty. Gen. and Jane LeCroy Robbins, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Forgery in the first degree: nine years in the penitentiary.

The appellant was indicted February 1974 by the Grand Jury of Madison County for forgery. He was adjudged indigent and counsel was appointed. The appellant was tried by a jury and found guilty of forgery in the first degree on January 9, 1975, and the court adjudged the appellant guilty in accordance with the verdict and sentenced him to nine years in the penitentiary.

The State's first witness, Eddie M. Siddon, testified that around noon on September 30, 1973, as he was checking the grounds and office of his construction company, he discovered a ladder against a window at the rear of his building. Mr. Siddon, owner of Siddon Construction, further testified that he entered the office and found three checks numbered 502, 503 and 504 missing from the checkbook. Mr. Siddon stated also that the appellant had been employed by his company for approximately one month during the summer of 1973.

Witness Siddon identified the check upon which the indictment was returned (State's Exhibit 1) and stated that he did not issue it nor give anyone permission to use that check or two others which were stolen. He also stated that he signs his checks as "E. M. Siddon." The check in question bore the purported signature "Eddie Siddon," and was issued to Earl K. Simmons.

The State's next witness was Darrell J. Frank, the bouncer at Fat Harry's Lounge. Mr. Frank testified that the check marked State's Exhibit 1 (Check No. 502) was the same check that had been presented to him at Fat Harry's on a Saturday night in the latter part of September 1973. Mr. Frank testified the check was brought to him by a waitress named Dede and that he told appellant he could not cash the check as he did not have sufficient funds.

Eloise Walters Hill Jones, a waitress at Fat Harry's, was then called as a witness for the State. Mrs. Jones testified that the appellant gave her a check for $150.00, which she identified as the check marked State's Exhibit 1, as a loan to pay her rent. Mrs. Jones asked the appellant to endorse the check and he did. Mrs. Jones then took the check to a bank where police were notified because Mr. Siddon had reported the check as stolen.

The appellant testified that he was given the check by Randy Malone, a person he met while working at Siddon's Construction Company. The appellant testified further that he was given the check in payment of a gambling debt. He denied trying to cash the check at Fat Harry's, but admitted he gave the check to Dede with instructions to give it to Mrs. Jones. Simmons also testified that he had been convicted in Madison County of a charge of grand larceny of an automobile and buying and receiving or concealing stolen property.

At the close of the trial after having rested, the defense moved for a directed verdict on the ground that there had not been a scintilla of evidence put forth to sustain the allegation that endorsements of Earl K. Simmons or Eloise Hill on the reverse side of the check in question were either altered, forged or counterfeited. The court overruled the motion.

I

It is the opinion of this Court that the State made out a prima facie case under Title 14, § 199, Code of Alabama 1940 (Recompiled 1958) and that the evidence was properly passed upon by the jury.

A case directly in point is *Reed v. State*, 43 Ala.App. 419, 191 So.2d 258 (1966) in which some unknown person broke into the office of a contracting firm and stole a number of payroll checks. In that case, the defendant Reed took the stand in his own behalf to explain that he had gotten the check in a poker game and was completely innocent. Also on cross examination of Reed, the State brought out prior convictions (burglary and grand larceny) going to his credibility, as was done in the instant case. This Court affirmed the conviction of Reed on almost identical evidence as presented in the instant case. See also: *Veasey v. State*, 45 Ala.App. 469, 231 So.2d 923 (1970).

In the recent case of *Jones v. State*, 53 Ala.App. 497, 301 So.2d 260 (1974), this Court in an opinion by Judge Tyson, held that evidence which included testimony of the person in whose name the check was forged and testimony of employees wherein the check was presented was sufficient to sustain a conviction of first degree forgery.

Also in *Jones,* it is pointed out that the State need not prove that damage or injury resulted from the forgery. *Wyatt v. State*, 257 Ala. 90, 57 So.2d 366 (1952); *Huddleston v. State*, 37 Ala.App. 57, 64 So.2d 90, cert. denied, 258 Ala. 579, 64 So.2d 102 (1953).

We have carefully examined the evidence presented and find that it clearly supports the conviction. We have reviewed the entire record and find no error therein.

Affirmed.

TYSON, HARRIS, DeCARLO, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.