The grand jury of Houston County, Alabama, charged the appellant with forgery of a check drawn on the First National Bank of Ashford, Alabama, payable to the order of James Johnson for $25.00, dated March 23, 1975 and signed by "Charles Weeks," with the words, "Weeks Trucking, Ashford, Ala." and the account number shown thereunder. The jury found the appellant "guilty of forgery as charged" and the trial court then entered judgment setting sentence at six years imprisonment.
Joe Towns testified that during March, 1975, he operated the North Side Food Store, a convenience store located at 1004 Airport Road in Dothan, Alabama. He testified that on at least two occasions prior to March 31, 1975, the appellant Johnny Powers had come to his store and transacted business. He stated that on the night of March 23, 1975, the appellant presented him with a check for $25.00 drawn on the First National Bank of Ashford, Ashford, Alabama, dated March 23, 1975, and signed by "Charles Weeks, Weeks Trucking." He testified that the appellant came in and endorsed the check on the back side and wrote his phone number on it and that he bought seven or eight dollars worth of groceries and he gave him the difference in cash. In court he positively identified the appellant as the party presenting the check in question. He stated that this check was deposited in his account at the First National Bank of Dothan and returned to him later as being a forgery.
On cross-examination he admitted that from being shown photographs at a previous time by the appellant's attorney, he could not positively state that the appellant was the man in the photographs but that "he looked like the man." Mr. Towns then identified the check and over objection the same was received in evidence.
Charles Weeks testified that he lived at 705 Wildwood in Dothan, Alabama, and that he operated the Charles Weeks Company, Incorporated, in Ashford, Alabama. Upon being shown the check in question, he testified that that was not his signature nor had he authorized anyone to sign his name to the check in question.
Joe Towns was then recalled and positively identified the appellant as being the party who endorsed the back of the check and wrote his phone number on same. The appellant made a motion to dismiss which was overruled by the trial judge, but did not offer any evidence at trial.
 I
Appellant contends there was a fatal variance between the pleading and proof and that his motion to dismiss should have been granted. *Page 207 
In Ex parte State, 213 Ala. 1, 104 So. 40, we find:
 "A consideration of the cases will disclose as elements of forgery (1) that there must be a false making — and this may be accomplished by `the fraudulent application of a false signature to a true instrument, or a real signature to a false' instrument; (2) that the essence of forgery is an intent to injure or defraud when the act complained of is done (Agee v. State, 113 Ala. 52, 21 So. 207; Denson v. State, 122 Ala. 100, 26 So. 119), and it is not necessary that any actual injury should result from the offense (Denson v. State, supra); and (3) it is of `no consequence whether the counterfeited instrument be such as if real would be effectual to the purpose it intends so long as there is a sufficient resemblance to impose on those to whom it is uttered.' Burden v. State, 120 Ala. 388, 25 So. 190, 74 Am.St.Rep. 37; L.R.A. 1918B, p. 1192, note; 7 Ency.Dig.Ala.Rep. 477."
In Hamilton v. State, 35 Ala. App. 570, 50 So.2d 449, we find:
 "Forgery in the first degree is defined in Section 199, supra [Title 14, Section 199, Code of Alabama 1940]. It pertains to the altering, forging, or counterfeiting of any bill, note, draft, check, certificate or other evidence of debt issued by banks, either state or national. . . ."
We are of the opinion that the applicable elements of forgery were here established and that the evidence clearly supports the conviction in question. Jones v. State, 53 Ala. App. 497,301 So.2d 260; Simmons v. State, 55 Ala. App. 679,318 So.2d 374.
 II
The appellant contends that the trial judge erroneously allowed the back of the check in question to be considered by the jury. We do not agree, as while it is true that the back of the check did not necessarily constitute a part of the purportedly forged instrument, Brown v. State, 30 Ala. App. 339,7 So.2d 24, since the testimony of the State's witness indicated that the appellant had endorsed the check in question, such was properly allowed to be presented to the jury. The other writing on the back of the check was not to be considered as "a part of the check," and the State's offer of proof was not for this purpose. The State's witness simply testified that this check was in the same condition as when it was returned to him by the First National Bank of Dothan. Thus, no error is shown.
We have carefully reviewed this record as required by law and find no error therein and the judgment is due to be and the same is hereby
AFFIRMED.
All the Judges concur.