BEATTY, Justice.
We granted the writ of certiorari to determine whether the decision of the Court of Criminal Appeals had misapplied the law dealing with the misjoinder of offenses, Title 15, § 249, Alabama Code, and the law dealing with the effect upon a Code form indictment for first degree forgery of adding the endorsement upon the instrument.
The indictment under consideration is included in the opinion of that Court which concluded that the “addition of the endorsement [on the check] to the indictment in no way weakened its legal force or averments, and as such was proper.” In support of that statement the Court cited Smith v. State, 35 Ala.App. 580, 50 So.2d 791 (1951), and Wyatt v. State, 257 Ala. 90, 57 So.2d 366 (1952). Neither of those cases, however, controls the appropriateness of the allegation here. In Smith, the endorsement which appeared on the indictment was one which read: “Indictment for 2nd Degree Forgery.” Clearly, it was not an endorse *1153 ment designed to affect any negotiation or change in pecuniary interest, but was intended merely as a means of identification, and so it was accurate to conclude that it constituted no part of the indictment. In Wyatt, the defendant was charged' with forging the endorsement of a county warrant, and the question was whether such a charge constituted second degree forgery under Alabama law. The question of the endorsement’s being either surplusage or material to the charge was neither in issue nor considered in that opinion.
In brief the State contends that this indictment clearly charges the petitioner with first degree forgery of a check under Title 14, § 199, Alabama Code, and that the endorsement is a part of the forgery of the check. The State maintains that when one endorses his name on the back of a forged check, “that is all part of the forgery of that check,” and cites Simmons v. State, 55 Ala.App. 679, 318 So.2d 374 (1975) for that novel proposition. Although the indictment itself was not reproduced in Simmons, it is apparent that the accused there was charged with forgery of a check (bearing the drawer’s signature, “Eddie Siddon”) under the first degree statute, § 199, and not for forgery of the endorsement which appeared thereon, a charge which would have fallen under § 200 pertaining to forgery in the second degree. The Court’s opinion, however, did not equate the two, and this Court has held that they are not the same. In Brown v. State, 242 Ala. 485, 486, 7 So.2d 28 (1942), we addressed the distinction:
While the indorsement is not independent, it is a separate and distinct and different contract from any other feature of the instrument. Our statute [§ 200] emphasizes that distinction and that' the forgery of an instrument is a different offense from the forgery of an indorsement of it. Under our statute, section 200 ... a person who is sought to be convicted for forging an indorsement should be apprised of the fact that it is the indorsement which is involved and not the instrument which is indorsed.
To which we might add, if he is sought to be convicted for forging the instrument, likewise he should be informed that it is the instrument which is involved and not the endorsement.
That is the difficulty with this indictment. It substantially follows the Code form, Number 63, for first degree forgery until after the word “counterfeited,” and then continues with a signature in the name of the payee accompanied by letters and numbers of an identifying nature. Since that endorsement would effect a negotiation if genuine, was it intended to make it a part of the indictment, but under § 200, the second degree forgery statute? As it is represented we cannot make that determination and thus we conclude that it is so unclear that the defendant could not make that determination either. As drawn, the indictment may represent an attempt to charge in one count distinct offenses calling for different punishments, a procedure not condoned. Goldman v. State, 26 Ala.App. 407, 161 So. 261 (1935). In any case, it does not conform to the requirements of Title 15, § 232, Alabama Code which requires the indictment to “state the facts constituting the offense ... in such a manner as to enable a person of common understanding to know what is intended . . .” Accord, Ex parte Allen, 241 Ala. 137, 2 So.2d 321 (1941).
REVERSED AND REMANDED.
TORBERT, C. J., and JONES, SHORES and EMBRY, JJ., concur.
BLOODWORTH and ALMON, JJ., concur specially.
MADDOX and FAULKNER, JJ., dissent.