Kirkpatrick 0. J.
This is an action of debt founded on an act of the legislature, passed November 24, 1792, entitled “ An act to enable the owners of swamps and meadow grounds, to drain the same, &c.”
It is stated, in the plaintiff’s state of demand, that a certain ditch had been laid out in pursuance of this act ; that one hundred and one rods of the said ditch had been allotted to the heirs of one Dunham, as their proportion thereof; and which was to be cut, cleared up, and kept in order by them; that the defendant had purchased of the said heirs, of the said Dunham, the one equal half part of the lands, on account of which the said allotment was made, and thereby became liable, according to the provisions of the said act, to cut, clear out, and keep in order, one half of the said one hundred and one rods of ditch, adjacent thereto, or running through the same; but that upon due notice given, he had refused so to do; and that therefore the plaintiff had done it for him, *161 according to the directions of the said act; and for the expense thereof, he brings this suit.
It is said, in the transcript of the justice’s docket, that the plaintiff on the trial, offered a certified copy of a deed, in evidence; that the defendant objected to the reading of this copy, because he had received no notice to produce the original; and *that the justice overruled the objection. And this is the principal reason relied on, for the reversal of the judgment.
*143
From the whole state of the case, exhibited by the papers sent up, it is pretty manifest, though it is not expressly so stated, that the certified copy of the deed offered in evidence, was a copy of the deed from the heirs of Dunham, to the defendant, taken from the record of deeds, and certified by the proper officer. Indeed, the very term, certified copy, imports that it was an office copy, so certified, and must bo so presumed to be here.
The question then will be, whether the plaintiff could give such certified copy in evidence.
The words of the act making these certified copies evidence, are exceedingly broad. The act says, they shall be received in evidence, and shall be as good, effectual and available in law as if the original deed ivas produced and proved. That the plaintiff had the same right then to offer this certified copy as he would have had to offer the original, if it had been in his possession, seems to be incontrovertible.
But still, it may be made a question, whether he could have offered the original itself. And though many cases may be easily imagined in which a party could not read against his adversary, his own deed, and thereby fix upon him a tenure by which he did not choose to hold ; yet in this case it was only necessary to shew that the defendant actually held the lands formerly in the hands of the heirs of Dunham, and upon which the allotment had been originally made, and that he was therefore subject to their liabilities. And to shew this, nothing could be more satisfactory than the deed of transfer itself, as the first step in the evidence; upon which would naturally and regularly follow the proof of the actual *162 occupancy of the land. No reason is seen therefore, why certified copy should have been rejected by the justice.
■ There are other reasons assigned for the reversal of this judgment, but they do not appear to be founded on the record.
Therefore let the judgment be affirmed.
Southard J.
remarked that there was another objection to evidence, stated in the transcript, to have been taken at the trial. The original survey of the surveyors and freeholders, was received in evidence. It was objected to, probably because the law (Pat. 119, sec. 1) directs that this survey *shall be recorded, and “that the record thereof may be given in evidence, in any court of law.” But surely the original may be good evidence, although the copy is so also. Making the latter so, does not destroy the admissibility and sufficiency of the former.
Judgment affirmed.