(125 So. 065)

**JONES v. KEENE et al.   (6 Div. 534.)**

Supreme Court of Alabama.   Jan. 16, 1930.

Hugh A. Locke and Earl McBee, both of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellees.

ANDERSON, C. J. ▋ While recognizing the rule as to what is essential to overcome the acknowledgment of an officer to a deed under ordinary circumstances, we must not be unmindful of another rule that, where the existence and validity of a document is involved and it has been lost or destroyed by the custodian and to whose interest it is to establish same, the evidence should be clear and convincing.

▋ The entire evidence in this case has been carefully considered, and the conclusion is irresistible that what purports to be a deed from Abraham Van Houten to Catherine S. Van Houten of August 20, 1924, was never legally executed by said grantor and should be canceled and declared of no effect.

The facts and circumstances convince us that neither the grantor nor L. A. Keene, the notary and scrivener, ever recognized the existence of such an instrument prior and up to the death of the former. It was never mentioned by Keene for several weeks thereafter, and until brought to life by him and placed on the record, after which time the original disappeared, and has never come to life, which seems to be the fate of what he claims as a second or final release of a mortgage when they were of so much importance and would have been of such material worth as evidence upon the trial of this case. Van Houten made two wills after the purported execution of the deed, and no mention was made as to any advance or conveyance to Catherine, and both of said wills, in providing for said Catherine and her daughter, in effect, negative the idea that he had conveyed the Jefferson county land as embodied in said deed. Again, Keene was in Florida when the last will was made, was made coexecutor with Jones, and no mention was made by him or the intestate of the existence of the deed. He also remained there several days after the testator's death and discussed the affairs of the estate with his coexecutor, Jones, and no mention was made of the fact that this Jefferson county land had been deeded to Catherine and which said land constituted the major part of the estate. Not only this, but afterwards he, said Keene, regarded it as still a part of the estate, for after returning to Birmingham, on May 5, 1927, he wrote Jones: "I have gone over the 71 acres with different parties, and it looks as if a sale for $50,000 looms up in the near future, but nothing certain as yet." Why was he writing Jones as to the value and prospects for a sale, if he did not regard this land as still belonging to the estate? And it is not reasonable that the existence of the deed did not come to his mind for several weeks thereafter. He claims to have drawn the deed, was the custodian thereof, had been for weeks discussing and looking after the assets of the estate, and it does not seem probable that he had forgotten such an important factor as the deed, when his testimony was so clear and positive as to the details in connection with the execution of same.

As to the second release, the bill does not attack same, and it is only collaterally involved as an evidential fact to show the course of Keene's conduct, his character, and perhaps to show his motive and a conspiracy on the part of Catherine and himself to establish the deed for Catherine's benefit and get his, or his wife's, house released from the mortgage held by Van Houten. It is therefore unnecessary for us to pass upon the genuineness of said release, but it is sufficient

to say that it is clothed with many suspicious circumstances and has the earmarks of a spurious document, and Keene's conduct in connection therewith strengthens the conclusion that what purports to be the deed in question was never legally executed by Van Houten. We forbear from setting out all of the facts and circumstances connected with this claimed release, but think that the evidence shows that it was never signed by Van Houten and that such a fact would have been revealed had the original been produced.

The decree of the circuit court is reversed, and a decree is here rendered granting complainant the relief sought and remanding the cause, with directions to the trial court to make the necessary orders or decree for the cancellation of the deed.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.