173 So. 607

## SORRELLS et al. v. COLE.

4 Div. 929.

Supreme Court of Alabama.

April 8, 1937.

A. L. Patterson, of Phenix City, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by Mrs. L. E. Cole, appellee, to establish a lost mortgage, and for foreclosure of same, and, in the alternative, for the enforcement of a vendor's lien upon the lands described in the bill.

The sufficiency of the bill, as last amended, was not challenged, nor was the cross-bill filed by the respondent, A. J. Norris, tested by demurrer. Its equity seems to be admitted. We are of the opinion that the pleadings, while loosely drawn in some respects, were sufficient to invoke the jurisdiction of the court over the matters litigated.

It appears from the averments of the bill that the complainant, appellee, owned a certain house and lot in Phenix City, Lee county, Ala., on the 30th day of August, 1932; that on said day she sold and conveyed this property to Dora Maud Sorrells, on the stated consideration of $2,000. The

J. W. Brassell and J. B. Hicks, both of Phenix City, for appellants.

deed recites payment in full of the purchase price; but the bill avers that no part of the purchase price was in fact paid, but that to the contrary, the sale was wholly on credit, and that the purchase money was to be paid at the rate of $10 per month.

The bill also avers that the purchaser executed to the complainant a mortgage on the property to secure the purchase money, payable $10 per month, until the entire amount was paid; that the deed and mortgage were executed and delivered at the same time; that the complainant failed to record her mortgage, and that it had been lost.

The terms 'and conditions of the mortgage are not set out in the bill, except in a general way, but a copy of the deed is attached to the bill as an exhibit. It appears that this deed was recorded in the office of the judge of probate of Lee county, Ala., on the 23d day of September, 1932.

It is averred that the mortgage contained an acceleration clause maturing all installments in the event of the failure to pay any one of them when due. It is averred that no payment had been made by the mortgagor, and that the mortgage was subject to foreclosure.

The complainant charges that after the execution of the deed and mortgage, and subsequent to the recordation of the deed, the mortgagor, along with her husband, executed a mortgage on the property to the respondent, A. J. Norris, and later a deed of conveyance to the respondent W. W. Sorrells, upon a recited consideration of $500. But the complainant charges that the said Norris and Sorrells each had notice or knowledge of the existence of her mortgage at the time they took their respective instruments, and, therefore, whatever interests they acquired were subordinate to her mortgage.

The respondent, Norris, in his answer asserted the validity of his mortgage, and denied any notice or knowledge of the mortgage of complainant. He averred that the consideration of his mortgage was $216 presently loaned to the mortgagor, Mrs. Sorrells. This respondent made his answer a cross-bill and prayed a foreclosure of his mortgage lien.

The respondent, W. W. Sorrells, also answered the bill, and averred that he was an innocent purchaser of the property, paying value therefor, and without notice or knowledge of any kind of any mortgage or lien on the property held by the complainant.

On final submission, the court granted complainant relief, re-established her lost mortgage, and ordered the property sold in satisfaction of the indebtedness, which the court ascertained to be $850. The court denied relief to the cross-complainant, Norris. The decree makes no mention of the conveyance to W. W. Sorrells.

From the decree the present appeals are prosecuted by the said A. J. Norris, and Mrs. Dora Maud Sorrells and W. W. Sorrells, and Mrs. Cole has made cross-assignment of error upon the record.

We are of the opinion that the evidence was sufficient to account for the absence of the mortgage executed by Mrs. Sorrells to the complainant, and was also sufficient to "prove its existence as a genuine instrument."

However, the evidence relied upon to establish the contents of the lost mortgage falls far short of meeting the requirements of the rule in such cases.

■ It is first incumbent upon the complainant to account for the absence of the mortgage, and to clearly prove its existence as a genuine instrument. When this proof is made, the complainant may prove by parol evidence the contents of the mortgage. "But the evidence of such contents must be pointed and clear; no vague or uncertain recollection concerning its stipulations ought to supply the place of the written instrument itself." Shorter v. Sheppard, 33 Ala. 648; Union Baptist Church, et al., v. Roper, 181 Ala. 297, 61 So. 288.

■ There was testimony tending to show that in the preparation of the mortgage the scrivener used one of the printed forms of mortgages in use in Russell county. No such form was offered in evidence, and this court cannot, of course, take judicial notice of such forms.

■ We are fully persuaded that the respondent, Mrs. Sorrells, was and still is justly indebted to Mrs. Cole for the property: that she executed to Mrs. Cole some kind of a mortgage to secure the purchase price, but the evidence fails to show the contents of that instrument as fully as the rule requires in such cases. Doubtless on another hearing of the cause, the complainant will be able to make the required proof. We are of the

opinion, therefore, that the ends of justice would best be served by reversing the decree in this respect and remanding the cause for another trial, with leave to all parties to offer such further or additional evidence as they may see proper to do.

■ The appellee's contention that she is entitled, in the event she cannot have relief under her mortgage, to have a vendor's lien declared and enforced against the property, cannot be sustained. When she took a mortgage on the property to secure the purchase price, she waived any vendor's lien that she might otherwise have had. Fields v. Drennen & Co., 115 Ala. 558, 22 So. 114; Campbell v. Goldthwaite, 189 Ala. 1, 66 So. 483. Whatever lien she has is a contract lien. City of Eufaula v. Alabama Power Co. et al., 233 Ala. 257, 171 So. 368.

■ The evidence is quite convincing that the respondent, A. J. Norris, had no notice or knowledge of any sort of the existence of complainant's unrecorded mortgage, or claim, at the time that he made the loan of $200 or $216 to Mrs. Sorrells, or at the time he was given the mortgage on the house and lot to secure the said indebtedness. This mortgage to respondent, Norris, we hold was and is a first and superior lien upon said property, and has priority over the mortgage given Mrs. Cole, and must be first paid out of any proceeds that may be derived from a sale of the property under any orders of sale that may be made by the court. The respondent, Norris, is entitled to a foreclosure of his mortgage.

In respect to that part of the decree denying relief to the respondent, A. J. Norris, the court committed error, for which also the decree of the court must be reversed, with directions to allow the claim of A. J. Norris as a first and superior claim against the property, or the proceeds to be derived from a sale of the same.

■ The evidence leaves no room to doubt but that W. W. Sorrells took his conveyance with knowledge at the time of Mrs. Cole's mortgage, and, therefore, any claim or interest he may have in the property is subordinate to the mortgage given Mrs. Cole, provided, of course, on another trial Mrs. Cole can make proper proof of the contents of her mortgage.

From what is said above, it will be seen that there is no merit in the appellee's cross-assignment of error.

It follows that the cause must be reversed on the appeal by appellant, A. J. Norris, with directions; and also reversed on the appeal of the appellants, Dora Maud Sorrells and W. W. Sorrells.

Reversed and remanded, with directions on appeal of A. J. Norris.

Reversed and remanded on appeal of Dora Maud Sorrells and W. W. Sorrells.

Affirmed on cross-assignment of error of appellee.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.