24 So.2d 440

## BATES v. BATES
### 2 Div. 211.

Supreme Court of Alabama
Jan. 17, 1946.

338

H. L. Anderton, of Birmingham, for appellant.

SIMPSON, Justice.

Appellant was the defendant below in a suit in equity by appellee to remove as a cloud on appellee's title certain recorded instruments, among others copies of two alleged deeds purporting to convey to appellant title to the disputed lands.

■■ While there was no legal authority for registering such instruments sought to be cancelled, this court will not question the method of procedure, both parties having consented to jurisdiction and the subject matter, viz., the cancellation of conveyances alleged to cast a cloud, being of such character that jurisdiction may be so conferred. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555 (3, 4 and 5); Mutual Life Insurance Co. v. Brunson, 246 Ala. 233, 20 So.2d 214(3); 51 C.J. 153, § 25.

These two instruments imported, respectively, a conveyance to appellant of the whole property in 1925 and of the oil, gas and mineral rights in 1927. These so-called copies of deeds were placed of record in 1942.

Appellee was shown to have the record title to the lands under a duly recorded voluntary conveyance from the parent grantor in 1933, since which time she, with her predecessor in title, has possessed and claimed it, assessed it annually for taxes, and exercised other acts of ownership and dominion over it. (The possessory period is short of ten years, so no question of title by adverse possession is involved.)

The appellant defended by answer and cross-bill and in essence sought to establish and have the court declare the genuineness of his two said conveyances of 1925 and 1927, the effect of which would be to oust the appellee because of the voluntary character of the deed upon which she rested her claim of title.

The property was at one time owned by appellant's father, O. W. Bates, and appellant claims that, for valuable consideration, said O. W. Bates executed and delivered to him the two deeds, which were never re-

Foster, Rice, Madison & Rosenfeld, of Tuscaloosa, for appellee.

corded, but were subsequently repossessed and destroyed by his father, and that appellee and her grantor-husband (appellant's brother) all the while had knowledge of this and of his title to the property.

He asserts that, in 1916, he and his father, said O. W. Bates, received a deed to the property but that he paid for it and later, by the alleged deed of 1925, his father reconveyed title to him because and on consideration that his father never contributed his share of the purchase price and thus invested appellant with full title to the property to adjust the matter.

It is noted that this contention conflicts with the record which discloses that appellant in 1919 conveyed his own one-half interest to O. W. Bates, thus reposing in his father the full title (Record page 62).

The genuineness of the alleged 1925 deed is cast in further doubt by the 1927 mineral deed importing a conveyance of the identical land by the same grantor, a wholly unnecessary transaction if appellant actually then owned the whole title by the first (1925) deed.

So, we have the appellant, not in possession with no original deeds to the lands, seeking the aid of equity to establish, after a lapse of many years, the genuineness of conveyances claimed to have been made in 1925 and 1927 as against the record owner and her predecessor in title, who have been in possession under duly recorded conveyances since 1933.

The trial court denied relief to appellant and granted relief to appellee, declared the copies of the two said deeds relied on by appellant to be of no effect, ordered them cancelled of record and decreed appellee to be the true owner of the property.

In approaching a correct solution of the question, it should be first noted that while equity has authority to establish and declare the genuineness of a lost or destroyed instrument of conveyance, Sorrells v. Cole, 234 Ala. 70, 173 So. 607, one to whose interest it is to establish it must do so by clear and convincing evidence. Jones v. Keene, 220 Ala. 397, 125 So. 665.

Also, the witnesses were before the court and testified orally, thus advantaging him to better appraise the verity of their testimony and arrive at a just conclusion, so, because of the paramount importance of the rule in a case of such conflicting testimony, we repeat for emphasis that unless the decision of the trial court is palpably wrong and unjust, we will and must affirm

it. Singley v. Land, 244 Ala. 692, 15 So.2d 564; Puckett v. Puckett, 240 Ala. 607, 200 So. 420; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

Testing the evidence by these well established legal guides, we have concluded the decree should not be disturbed.

The only legal evidence of a definite and substantial character to support the claim of the genuineness of the two deeds upon which appellant relies was his own testimony, whereas there was considerable evidence to the contrary and tending to establish that he was laying no claim to the land in suit (the south half of the "Lawler place") but throughout was claiming other property (the north half of the Lawler place).

From argument of learned counsel it would seem that appellant placed reliance on certain certificates by a notary public appearing on the two deed-copies to the effect that the instruments were true copies of the originals exhibited to her in 1927, as evidence to corroborate his own testimony of the genuineness of the original deeds. However, such ex parte certificates were inadmissible for any purpose and the deed-copies were not self proving as duly certified copies of the originals.

Their admissibility was presumably claimed upon the erroneous assumption that the recordation of the so-called certified copies of deeds (viz., certified by the notary that the instruments were true copies of the originals exhibited to and copied by her in 1927) was authorized by § 105, Title 47, Code 1940, and was thus effective as self proving certified copies of duly recorded instruments. We do not think this a proper interpretation of the statute.

The section reads:

"It shall be lawful to record *certified copies* of deeds, mortgages, maps and other papers affecting the title to property in any probate office in this state in which the same should have been recorded when such mortgages, deeds, maps or other papers have heretofore been or may hereafter be recorded in any probate office in this state. (Italics supplied.)

"When a certified copy of any deed, mortgage, map or other paper affecting title to property has been recorded as provided for in this section, such recording shall in all things be considered as and shall be given the effect of the original paper if so recorded."

To certify means to attest authoritatively, Doherty v. McDowell, D.C., 276 F. 728, and the *certified copies* of deeds, etc., referred to in the statute connote copies certified by public officers, having official custody of the record, of the particular, recorded instrument and whom the law authorizes to make such certifications, and are not applicable to the ex parte certificate of a notary public or other officer having then no official connection with or jurisdiction of the document or the record thereof. See 6 Words and Phrases, Perm.Ed., p. 450, citing Doremus v. Smith, 4 N.J.L. 142; 1 Southard 142, 143; 14 C.J.S. Certify page 114.

We think the section, of recent origin, was intended to cover cases where the deed or other instrument mentioned shall have been already recorded in any county of the state, a certified copy thereof might be recorded in any other county in which the property is situate, in lieu of recording the original in such latter county.

Likewise inadmissible were the recorded affidavits of Welch and Ireland deposing that the deed-copies were true transcriptions of the originals respectively exhibited to them by B. W. Bates in 1925 and 1927. Affidavits of this character are not admissible under §§ 116 and 117, Title 47, Code 1940. Hatcher v. Rice, 213 Ala. 676, 105 So. 881.

Our conclusion, after cautiously considering the whole evidence, is that the decree should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.