40 So.2d 644

**PARHAM v. STATE.**

6 Div. 613.

Court of Appeals of Alabama.
April 5, 1949.

Rehearing Denied May 3, 1949.

K. C. Edwards, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted of robbery, and sentenced to imprisonment in the penitentiary for a term of ten years.

Evidence introduced by the State was abundant in its tendencies to establish appellant's guilt.

The defense was based on an attempt to establish an alibi. That such effort was unconvincing to the jury is apparent from the verdict of guilty.

During the cross examination of the appellant he was asked by the Solicitor if he had not been tried and convicted by a court martial at Fort Knox, Kentucky, of the offense of rape, and given a sentence of five years.

Objection to this question was interposed by appellant's counsel, which objection was overruled, exception being duly reserved. The appellant replied in the negative.

In an attempt to rebut appellant's above denial the State introduced as a witness Mr. J. H. McFarland, Identification Officer for Jefferson County. Mr. McFarland testified that he had a record on the appellant, forwarded to him from Washington, D. C., by the Federal Bureau of Investigation. This record was termed by Mr. McFarland as "the criminal record of Arthur Parham" from the Federal Bureau of Investigation in Washington.

Over appellant's objection and exception this paper was then received in evidence. It is in words and figures as follows:

"Federal Bureau of Investigation

United States Department of Justice

ALA.   1917 M. B.          WASHINGTON, D. C.

The following is the record of FBI number 4080981

J. E. Hoover, Director.

| Contributor of Finger Prints | Name and Number | Arrested or Received | Charge | Disposition |
| --- | --- | --- | --- | --- |
| Rehab. Center Ft. Knox, Ky. | Arthur Parham #1159 | 5–14–43 | Having carnal knowledge | 5 yrs. H. L. |
| Rehab. Center, Camp Bowie, Texas | Arthur Parham #443/493 | 6–4–43 | Rape | 5 yrs. |
| USDB, Fort Harrison, Ind. | Arthur Parham #M560 | Not. given (F.P. 11–22–44) | 92 AW | 5 yrs. |
| War Dept., Wash., D. C. | Arthur Parham #34166737 | Inducted 4–1–42 Fort McClellan Ala. | | |
| PD., Birmingham, Ala. | Arthur Parham #66026 | 8–16–47 | Robbery | 8–26–47 del to SO Birmingham, Ala. |
| SO, Birmingham Ala. | Arthur Parham #45113 | 8–26–47 | | |

The following is the record of FBI number 4080981          J. E. Hoover, Director,

Wanted: As Arthur Parham, by P. M. G. O., War Dept. Inf dated 3—46.

CC:  Provost Div.
Provost Marshal Generals Office,
War Dept., Wash., D. C.

Notice:  This Record is furnished for Official Use only.

Thereafter the appellant was recalled as a witness and testified, on redirect and re-cross examination, that he had been convicted of rape by a court martial which sat at Camp Hood, Texas. He had therefore answered in the negative when previously asked if he had been so convicted at Fort Knox, Kentucky.

Appellant further contended that "They reduced it after I was locked up at Fort Benjamin Harrison, they paid me all the time I was locked up, and got all of that straightened out," and that he was reinstated to active duty.

The Attorney General argues that the above paper, showing the prior criminal record of this accused was properly admitted as being evidence of a conviction for a crime involving moral turpitude, and therefore going to accused's credibility as a witness. See Section 423, Title 7, Code of Alabama 1940.

Without deciding whether a prior court martial conviction for a crime involving moral turpitude, as distinguished from such conviction in a civil court, is admissible for the purposes above referred to, we are clear to the conclusion that the paper admitted in this case could in no event be properly received in evidence.

■ The paper was designated by State's witness McFarland as the "criminal record" of the appellant. That this is its character is shown from the contents of the document itself. Certainly it does not purport to be a record of court or judicial proceeding, which records are admissible when relative, provided they are properly authenticated. See Section 427, Title 7, Code of Alabama 1940.

■ Nor is the paper admissible under Section 428, Title 7, Code of Alabama 1940, as a paper in the nature of a record kept in a public office, which in proper cases may be admissible *when attested by the custodian of such record.*

To certify means to attest authoritatively. Bates v. Bates, 247 Ala. 337, 24 So. 2d 440. No certification of this record appears on it.

The complete absence of any authentication of this paper immediately negatives its proper reception in evidence. Further

consideration of various other possible vices with which it is apparently infected is therefore unnecessary.

 The appellant's admission that he was convicted of rape by a court martial at Camp Hood, Texas, was in nowise an admission of substantially the same facts as evidenced by the paper. This admission therefore did not render innocuous the error resulting from the reception in evidence of the document. In our opinion there is no room for the application of the principle that the admission of incompetent evidence as to a fact later admitted by an accused is rendered harmless by such admission. See 7 Ala. Dig., Crim. Law, ⊕1169(3), for innumerable cases enunciating such doctrine.

Reversed and remanded.