48 So.2d 564

### NEELY v. STATE.

### 6 Div. 70.

Supreme Court of Alabama.

June 22, 1950.

Rehearing Denied Nov. 24, 1950.

Geo. Rogers, of Birmingham, for petitioner.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., opposed.

LAWSON, Justice.

Only two questions were considered in the opinion of the Court of Appeals. In effect, that court held: (1) that the defendant was not entitled to the affirmative charge on the ground that the evidence was insufficient to show that the stove alleged to have been stolen was personal property; (2) that although the jury did not assess the value of the stove, the general verdict, "We the jury find the defendant guilty," is referable to the indictment, which alleges the value of the stove to be $40.

As to the first point, counsel for petitioner in brief filed here in support of the petition for the writ of certiorari says: "The Court of Appeals has correctly interpreted the law of Alabama with respect to fixtures. The Court has fallen into gross error in its application of that law to the undisputed facts of the case at bar."

The Court of Appeals has said, in effect, that the facts were sufficient to authorize the jury to find that the stove was personal property. This is a finding of fact by that court. The facts are not set out in the opinion here under review. Hence, under the rule long established, there is nothing before us for review as to this point, for it has been "uniformly held that this court will not review the evidence, as set out in the record, to determine for ourselves what the facts of the case really are, but will accept and act upon the findings of the facts as made by the Court of Appeals." Metropolitan Life Ins. Co. v. Magouirk, 243 Ala. 626, 627, 11 So.2d 466.

In regard to the second point, it is argued, in effect, that the general verdict of the jury will not support a conviction of grand larceny because under the evidence the jury could have found the value of the property to be such as to amount only to petit larceny. We again point out that the opinion of the Court of Appeals does not set out the evidence.

But in any event we concur with the holding of the Court of Appeals that the verdict is referable to the indictment which charges grand larceny. Giles v. State, 52, Ala. 29; Blount et al. v. State, 49 Ala. 381; Du Bois v. State, 50 Ala. 139; McDonald v. State, 118 Ala. 672, 23 So. 637; Russell v. State, 231 Ala. 297, 165 So. 255; Courtney v. State, 10 Ala.App. 141, 65 So. 433. The provisions of § 336, Title 14, Code of 1940, have no application. Luker v. State, 23 Ala.App. 379, 125 So. 788.

Without approving all that is said in the opinion of the Court of Appeals, we hold that the writ should be denied.

Writ denied.

BROWN, FOSTER and STAKELY, JJ., concur.