50 So.2d 449

**HAMILTON v. STATE.**

**6 Div. 26.**

Court of Appeals of Alabama.
Jan. 23, 1951.

Petition for Rehearing Stricken
Feb. 7, 1951.

Jas. A. McCollum, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

HARWOOD, Judge.

The judgment heretofore rendered in this cause is hereby withdrawn and nullified.

This appeal is on the record proper. The defendant below, appellant here, was charged by indictment with forgery in the second degree. The instrument alleged to have been forged was a note and securing personal property mortgage executed to the Star Finance Co., of Tuscaloosa. The instrument is set forth in the indictment.

The jury returned the following verdict: "We, the jury, find the defendant guilty of forgery in the third degree as charged in the indictment."

Judgment of guilt was entered pursuant to the verdict.

The question raised by this appeal is whether a judgment of guilt of forgery in the third degree is valid where the defendant was charged with forgery in the second degree.

At common law the offense of forgery was a misdemeanor. In this State, statutes have been passed which completely absorb the common-law offense. We must therefore be guided by these statutes. They may be found in Sections 199 through 205, of Title 14, Code of Alabama 1940.

While in these statutes the offenses are designated as forgery in the first degree, forgery in the second degree, and forgery in the third degree, a cursory reading of these statutes discloses that separate and distinct offenses are thereby created, rather than degrees of one single offense.

Forgery in the first degree is defined in Section 199, supra. It pertains to the altering, forging, or counterfeiting of any bill, note, draft, check, certificate or other evidence of debt issued by banks, either state or national. Punishment for violation of this section is fixed at imprisonment in the penitentiary for not less than ten nor more than twenty years. Section 207, Title 14, Code of Alabama 1940.

Forgery in the second degree is covered by Section 200, supra. This section relates to the false making, counterfeiting, forging, altering, or obliterating of (among other things) any bond, bill-single, bill of exchange, promissory note, or other instrument by which any right in property purports to be transferred. The penalty for committing this offense is imprisonment in the penitentiary for not less than two nor more than ten years. Section 207, supra.

Section 205, supra, defines forgery in the third degree as "Any forgery which * * * does not amount to forgery in the first or second degree".

It is readily apparent that three separate and distinct offenses are created. Where one is indicted for one of the degrees of forgery, and proof shows that the instrument forged was of a character covered by and falling within the type enumerated in a section denouncing a different degree of forgery, a fatal variance between the allegata of the charge and the proof would result. Since entirely different and unrelated proof is required to sustain each degree of forgery set forth in our code, it necessarily follows that a higher degree of forgery cannot be deemed to include a lower degree. Therefore, Section 323, Title 15, Code of Alabama 1940, providing that a defendant may be found guilty of a lesser degree than the offense charged, or of any offense necessarily included in the offense charged, can have no operative effect. Jarnigan v. State, 24 Ala.App. 153, 132 So. 48.

The verdict rendered in this case was erroneous in that it did not respond to the issues raised by the indictment, but found the defendant guilty of an offense with which he was not charged. No valid judgment can be rendered on an invalid verdict. Weems v. State, 24 Ala.App. 590, 139 So. 571; Bentley v. State, 20 Ala.App. 635, 104 So. 679.

The rendition of the verdict in this case results in the acquittal of the defendant of all matters charged in the indictment. Bowen v. State, 106 Ala. 178, 17 So. 335. No other prosecution is legally permissible under it, as the defendant has been in jeopardy as to any alleged forgery of the instrument set forth in the indictment, any forgery of which, because of its character, could only be prosecuted as forgery in the second degree.

It is therefore the order of this court that the judgment of conviction from which

this appeal is taken be reversed and a judgment is here and now rendered in favor of the appellant, and he is ordered discharged from further custody in this proceeding.

Reversed and rendered.