50 So.2d 791

### SMITH v. STATE.
### 8 Div. 893.

Court of Appeals of Alabama.
Feb. 20, 1951.

Ralph Smith, Jr., of Guntersville, for appellant.

Si Garrett, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

The indictment against this appellant charged him with forging the endorsement on a warrant drawn on the Treasurer of

the United States. The instrument and the endorsement are fully set forth in the indictment.

The forgery as charged clearly constituted forgery in the first degree, and nothing else. Section 199, Title 14, Code of Alabama 1940.

There appears on the indictment an endorsement "Indictment for 2nd Degree Forgery." Otherwise the indictment is in every respect regular.

Such endorsement constituted no part of the indictment, and in no way added to or weakened the legal force of its averments. Pickens v. United States, 5 Cir., 123 F.2d 333, certiorari denied 316 U.S. 669, 62 S.Ct. 1039, 86 L.Ed. 1744.

The evidence introduced by the State was ample to support the verdict of guilt returned by the jury. The defendant offered no evidence in the trial. The court therefore properly denied defendant's request for the general affirmative charge.

In his oral charge the trial judge instructed the jury as follows: "There are two degrees of forgery. I was hoping I would get a little argument from both of these attorneys because the way the indictment is formed, I will be perfectly frank to say that the Court is not positive whether it is first or second degree; but I am going ahead and will charge you on forgery in general, and particularly in the second degree because, in the opinion of the Court, the indictment charges first degree, but I think the most the defendant could possible be guilty of under the most favorable lights of the testimony would be forgery in the second degree. That is my opinion."

The above portion of the court's charge was a comment on the effect of the evidence, with no written request therefor. It was therefore improper. However, it was in the defendant's favor, and of course an exception thereto by the State would have been unavailing. We make this comment because of the likelihood of another trial.

We do not think that the above quoted portion of the court's charge can be construed as removing from the consideration of the jury the charge of forgery in the first degree. This offense was therefore submitted to the jury.

The jury returned a verdict of guilty "as charged in the indictment." This verdict is referable to the indictment which charges forgery in the first degree. Neely v. State, ante, p. 315, 48 So.2d 563, certiorari denied 254 Ala. 486, 48 So.2d 564.

The court likewise adjudged the defendant "guilty as charged in the indictment."

As it appears in the record the minute entry begins with the caption of the case, with the notation "Forgery 1st Degree" to the right of the caption.

However the sentence imposed by the court was imprisonment in the penitentiary for a term of two years. Since the verdict and judgment as entered resulted in a finding of guilty of forgery in the first degree, the sentence was improper, since the punishment for forgery in the first degree is fixed at imprisonment for not less than ten nor more than twenty years. Section 207, Title 14, Code of Alabama 1940.

After a running colloquy between counsel and the court, there was admitted, over the defendant's objection and exception, a photostat alleged to be of the warrant claimed to have been fraudulently endorsed. The record does not disclose from whom the photostat was secured, or how the witness through whom it was introduced secured its possession. The photostat is not certified in any manner, though there was testimony by this witness that he was informed by agents of the United States that he could not obtain the original warrant.

Documents in the departments of the United States government may be proven by copies certified by the legal custodian thereof. Section 432(9), Title 7, Code of Alabama 1940.

A photostat may of course serve the same purpose as a transcribed copy, though its authenticity must be certified as a foundation for its proper admission into evidence. The complete absence of any authentication of the photostat of the warrant introduced in this case completely negatived its proper introduction in the face of the

well grounded objections of the defendant. Parham v. State, 34 Ala.App. 408, 40 So. 2d 644; certiorari denied 252 Ala. 279, 40 So.2d 646. Its admission therefore necessitates a reversal of this case.

Reversed and remanded.