314 So.2d 717

Charles BROWN, alias

v.

STATE.

6 Div. 706.

Court of Criminal Appeals of Alabama.

April 1, 1975.

Rehearing Denied May 6, 1975.

Parker, Wilkinson & Purvis, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Birmingham, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

Robbery; twenty-five years.

On February 23, 1973, Harold Bulloch, manager of the A & P store on Carolina Avenue in Bessemer, Alabama, was working at one of the check-out counters. About 7:50 P.M., he observed a man push a grocery cart behind the counter and enter the check-out aisle with a package of trash bags. The man pulled one trash bag out and pointing a small revolver at Bulloch, said, "Don't put it in there, put it in here."

After collecting the money from the register drawer, the man told Bulloch to go to the office and to, "Hurry, hurry, or you'll going to be the first one I am going to kill." As Bulloch was escorted to the office, he noticed there were three men involved in the robbery. Approximately $3,000., was removed from the safe and placed in the sack. The police were called within two minutes after the robbers fled.

During the trial, Bulloch positively identified appellant as the man who held the revolver on him and made him open the safe.

After the robbery, Officer B. E. Shew of the Bessemer Police Department talked to Bulloch and received the shopping cart with some items in it. This evidence was taken to J. W. Griffin, an identification officer who removed latent prints from the cart in Shew's presence. These prints were then mailed by Shew to the Federal Bureau of Investigation.

At the trial, Officer Shew identified the FBI report regarding these prints and stat-

ed it was kept in his files as part of the investigative record of the case.

When appellant was arrested on April 3, 1973, he told Officer Shew he had never been in the A & P store on Carolina Avenue.

J. W. Griffin, an officer with twenty-six years experience in fingerprint identification testified he compared the latent prints from the car with fingerprints he made of appellant on the date of his arrest. It was his opinion that the latent prints taken from the cart were those of appellant.

Appellant testified that at the time of the robbery, he was at home with his wife and had been confined to bed because of a gunshot wound. He denied being in the A & P store or seeing Mr. Bulloch.

It was appellant's wife's testimony that her husband was home on the date of the robbery, and she remembered the date because she was to accompany her sister to a party. Her husband however, was feeling ill and she did not go. Robert LeRoy Brown, appellant's brother, came to their home that night and gave them money collected from appellant's fellow-employees.

The testimony of Robert LeRoy Brown was substantially the same as that of appellant's wife.

I

Appellant contends the introduction of this fingerprint report from the Federal Bureau of Investigation was error:

" FEDERAL BUREAU OF INVESTIGATION
Washington, D. C.
REPORT
of the
IDENTIFICATION DIVISION
Latent Fingerprint Section

"Latent Case No. A–68499     March 27, 1973
REGISTERED

"To: Mr. George W. Barron
Chief of Police
Bessemer, Alabama   35020

"Attention: Detective Sergeant B. E. Shew

"RE: UNKNOWN SUBJECT(S):
A AND P SUPERMARKET
1731 CAROLINA AVENUE
BESSEMER, ALABAMA
FEBRUARY 23, 1973
ROBBERY

"Reference: Letter March 14, 1973
Examination Requested by: Addressee
Specimens: Ten lifts

"Copies of fingerprints of Charles Willie Brown, FBI #24241H; James Arthur Middleton, FBI #76417J11; and Randolph Austin, FBI #83404J2

Ten latent fingerprints and one latent palm print of value are present on five of the lifts. The latent impressions on the remaining lifts are of no value. See the attached page for the results of the comparisons of the ten latent fingerprints with the fingerprints of Brown.

There are no palm prints contained in our identification division files for Brown, Middleton or Austin.

L. Patrick Gray, III
Acting Director"

"Mr. George W. Barron                                      March 27, 1973

Photographs of the latent palm print have been prepared for our files and will be available for comparison with any inked palm prints that you may wish to submit for this purpose.

The specimens and your mail envelope are enclosed.

Should you desire the assistance of one of the FBIs Fingerprint Experts in the trial of this case, a current set of inked fingerprints of Brown, signed by an official who will be available to testify at the trial, should accompany or be submitted prior to any request for testimony. We should be notified in ample time to make the necessary arrangements. This report should be used, however, if legal considerations permit, in lieu of the appearance of our expert in any pre-trial action such as a preliminary hearing or grand jury hearing. Our representative cannot be made available to testify if any other fingerprint expert is to present testimony on the same point, that is, that the impressions in question are identical.

Enclosures (14)
Page 2
LC #A–68499."

"Latent Case No. A–68499                                   March 27, 1973
RE: CHARLES WILLIE BROWN, FBI #24241H

Ten latent fingerprints present on four lifts submitted in connection with the robbery of the A and P Supermarket, 1731 Carolina Avenue, Bessemer, Alabama, on February 23, 1973, have been identified as fingerprints of Brown."

---

Appellant insists the report was hearsay and should not have been allowed without authentication or the right to cross-examine the custodian of the report.

Counsel for appellant argues that its introduction was in violation of the procedure proscribed in T. 7., § 428, Code of Alabama, and relies for support on Parham v. State, 34 Ala.App. 408, 40 So.2d 644. There a record showing the criminal offenses charged to Parham, was cataloged. This court negatived the reception of the record in the absence of authentication.

As additional authority for this position, we are directed to Prater v. State, 45 Ala. App. 78, 224 So.2d 679, where the appellant was convicted of falsely pretending he owned an inventor's patent.

The Alabama Court of Criminal Appeals held the introduction of patent letters in their uncertified form was hearsay and inadmissible.

More persuasive is U. S. v. Martin, 434 F.2d 275, (Fifth Circuit), where a purported FBI report was excluded for lack of authentication.

At the outset we believe the introduction of Brown's fingerprint report was improper and absolutely unnecessary.

We are not ready however, to conclude that under the facts outlined in this case it was reversible error. While we are aware that the impact of certain evidence on a jury is not easily ascertained, Brown v. State, 42 Ala.App. 125, 154 So.2d 758, we don't believe the report was of the persuasive influence necessary to affect the jury's determination. It is our judgment that in this specific set of facts, introduction of the report was not prejudicial. Supreme Court Rule 45.

In determining the matter, we considered these significant facts reflected in the record:

1. The store manager made a positive in-court identification of appellant.

2. Latent prints were lifted from the grocery cart by Griffin, an officer with twenty-six years experience.

3. On the date of his arrest, appellant was fingerprinted by Griffin.

4. Testimony by Griffin that his comparisons of latent prints with those of appellant were the same.

We believe this evidence was not only sufficient to support the final result, but also, the report, when viewed in light of the other evidence, did not demonstrate the prejudicial influence necessary for reversal. Also see Yelton v. State, 294 Ala. ——, 314 So.2d 721, 1974.

## II

Appellant's contention that fingerprint exhibits 2, 3, 4 and 5, were introduced without establishing the proper predicate is not supported by the record.

We did not find any error in our search of the record.

Affirmed.

All the Judges concur.