The defendant was convicted of possession of a forged instrument in the second degree and sentenced to five years' imprisonment.
The issue on this appeal is whether a defendant may be convicted of criminal possession of a forged instrument in the second degree where the indictment refers to the statutory citation of criminal possession of a forged instrument in the first degree.
The defendant was arrested in February of 1981 and charged by complaint with criminal possession of a forged instrument in the second degree. In April, an indictment was returned which recited the code section for first degree possession. In pertinent part that indictment stated that the defendant
 "did, with intent to defraud, possess or utter a forged instrument as follows:
 "(the face of the State of Alabama income tax refund check was typewritten on the indictment)
 "having knowledge that said instrument was forged, in violation of Title 13A-9-5 of the Code of Alabama . . ." (emphasis added)
Section 13A-9-5 defines the crime of criminal possession of a forged instrument in the first degree.
Criminal possession of a forged instrument is divided into three degrees. The degree and penalty progressions of each offense rest upon precisely the same factors as do those of the forgery offenses, namely, the kinds of instruments forged as specified in the forgery statutes.
Forgery in the first degree and criminal possession of a forged instrument in the first degree involve instruments which include, among others, falsely made, completed or altered instruments which are "(p)art of an issue or series of stamps, securities or other valuable instruments issued by a government or governmental agency." Alabama Code Section 13A-9-2 (1975). A "check" is specifically made the subject of forgery in the second degree. Alabama Code Section 13A-9-3 (1975). Consequently, the crime of possession of a forged check constitutes criminal possession of a forged instrument in the second degree. Alabama Code Section 13A-9-6 (1975).
The commentary to Section 13A-9-4 also makes it clear that the forgery of a single check constitutes forgery in the second degree.
 "Alabama's present classification of forgery, though clarified, is substantially followed. Section 13A-9-2, the first degree forgery section, pertains to forgeries that `impair public trust and confidence in governmental or corporate financial issues'(as opposed to single writings). The integrity of these issues is important in maintaining the confidence of persons in government financing, and thus to this conduct is assigned the more serious sanction. . . . If the forgery is of a single financial paper, it would be covered by Section 13A-9-3 as second degree forgery, to which a lesser sanction is affixed because of the lesser potential harm."
Although the crimes of forgery and criminal possession of a forged instrument are divided into degrees, it is readily apparent that separate and distinct offenses are created, rather than three degrees of each offense. This was recognized in Hamilton v. State, 35 Ala. App. 570, 50 So.2d 449 (1951), which dealt with forgery under the old criminal code.
In Hamilton, the indictment charged forgery in the first degree but the accused was convicted of forgery in the third degree. The court held that the verdict was "erroneous in that it did not respond to the issues raised by the indictment, but found the defendant guilty of an offense with which he was not charged." 35 Ala. App. at 570, 50 So.2d 449.
 "Where one is indicted for one of the degrees of forgery, and proof shows that the instrument forged was of a character *Page 215 
covered by and falling within the type enumerated in a section denouncing a different degree of forgery, a fatal variance between the allegato of the charge and the proof would result. Since entirely different and unrelated proof is required to sustain each degree of forgery set forth in our code, it necessarily follows that a higher degree of forgery cannot be deemed to include a lesser degree." Hamilton, 35 Ala. App. at 570, 50 So.2d 449.
In Hamilton, the accused could only have been guilty of forgery in the second degree because of the character of the forged instrument. The jury was not authorized to find him guilty of any lesser included offense simply because there was no lesser offense included.
Although Hamilton appears dispositive of this appeal, further analysis reveals that it does not control. The facts of Smithv. State, 35 Ala. App. 580, 50 So.2d 791 (1951), are more relevant. In Smith, the indictment clearly charged forgery in the first degree and nothing else. However, on the indictment appeared the endorsement "Indictment for 2nd Degree Forgery." The same court that rendered Hamilton found that this endorsement constituted "no part of the indictment, and in no way added to or weakened the legal force of its averments."Smith, 35 Ala. App. at 581, 50 So.2d 791.
"(A)n error in the citation of a statute does not invalidate an indictment unless the error misleads the defendant to his prejudice." United States v. Kennington, 650 F.2d 544, 545 (5th Cir. 1981).
 "A reference to a statutory source in an indictment is a `matter of convenience and not of substance.' Pate v. State, 45 Ala. App. 164, 166, 227 So.2d 583 (1969). `The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegations.' Harper v. United States, 27 F.2d 77, 79 (5th Cir. 1928); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479 (1947). Reference to the statute is treated as surplusage. Fitzgerald v. State, 53 Ala. App. 663, 303 So.2d 162 (1974)." Barbee v. State, 417 So.2d 611, 614 (Ala.Cr.App. 1982).
See also Mays v. City of Prattville, 402 So.2d 1114, 1116
(Ala.Cr.App. 1981). Under these authorities, the code section is not an essential element of the offense as argued by the defendant.
The trial judge found that the defendant was not "put to a disadvantage because of the mistake." Formal defects or imperfections in the indictment which do not prejudice the substantial rights of the defendant are not fatal. Alabama Code Section 15-8-4 (1975).
The trial judge charged the jury on the single offense of criminal possession of a forged instrument in the second degree. We find no objection to the submission of that offense on the particular grounds presented on appeal. Our review convinces us that the actions of the trial judge were proper.Smith, supra. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.