Marvin A. Wilbourn was indicted for escape in the third degree. A jury convicted him of resisting arrest. Sentence was six months' imprisonment in the county jail.
The only issue raised on appeal is whether the offense of resisting arrest is a lesser included offense of escape in the third degree.
"A person commits the crime of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from affecting a lawful arrest of himself or of another person." Alabama Code § 13A-10-41 (a) (1975). "A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." § 13A-10-33 (a).
The question of whether one offense is included within another is governed by § 13A-1-9. The only portion of that statute which is relevant to this case is subsection (a)(1) which provides that an offense is an included one if "[i]t is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged." Here, it is obvious and clear that the proof necessary to establish the offense of third degree escape will not of necessity establish every element of the offense of resisting arrest. § 13A-1-9 Commentary. "To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having *Page 916 
committed the lesser." Sharpe v. State, 340 So.2d 885, 887
(Ala.Cr.App.), cert. denied, 340 So.2d 889 (Ala. 1976). See also Payne v. State, 391 So.2d 140, 143 (Ala.Cr.App. 1980);Mayes v. State, 350 So.2d 339, 343 (Ala.Cr.App. 1977). The statutory definition of custody makes this clear: "Custody. A restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court. . . ." § 13A-10-30
(b)(1).
The initial issue we must answer is whether this question was preserved for review. Here, there was no objection to the oral charge of the trial judge. This issue was first raised on a motion for new trial. Although this issue was not raised as early as it should have, it was preserved by the motion for new trial in view of the fact that the accused has a constitutional right to be informed of the charges against him. Ex parteWashington, 448 So.2d 404 (Ala. 1984) (reversible error to instruct jury on universal malice murder where indictment charges only intentional murder).
 "The defendant is called upon to answer only the specific charge contained in the indictment. Underwood v. State, 33 Ala. App. 314, 33 So.2d 379
(1948). `No proposition of law is more fundamental than the one requiring that the proof at trial must correspond with the material allegations of the indictment.' Gray v. State, 346 So.2d 974, 978
(Ala.Cr.App. 1976), cert. quashed, 346 So.2d 978
(Ala. 1977); Owens v. State, supra, 46 Ala. App. [591] at 592, 246 So.2d [478] at 478." Ex parte Hightower, 443 So.2d 1272, 1274 (Ala. 1983) (There was a fatal variance between indictment charging sexual intercourse without consent and proof of sexual intercourse with consent).
The general rule is that questions relating to the court's oral charge may not be raised for the first time on a motion for new trial. Gurley v. State, 216 Ala. 342, 344, 113 So. 391 (1927);Coleman v. State, 420 So.2d 833, 834 (Ala.Cr.App. 1982). However, here the motion for a new trial raised both the grounds of fatal variance and that the verdict was contrary to the law. Both of these issues are proper grounds for a motion for new trial. 24 C.J.S. Criminal Law §§ 1451, 1452 (1961); A.R.Crim.P.Temp. 13 (a)(3)(i). "A verdict is contrary to law so as to warrant a new trial, . . . where accused is found guilty of an offense not charged in the indictment." 24 C.J.S.Criminal Law § 1451 (1961).
Only one conclusion is proper.
 "The verdict rendered in this case was erroneous in that it did not respond to the issues raised by the indictment, but found the defendant guilty of an offense with which he was not charged. No valid judgment can be rendered on an invalid verdict." Hamilton v. State, 35 Ala. App. 570, 571, 50 So.2d 449 (1951).
Under Hamilton, the judgment of conviction must be reversed and rendered.
REVERSED AND RENDERED.
All Judges concur.